COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton, Coleman,
     Willis, Elder, Bray, Annunziata, Bumgardner, Lemons and
     Senior Judge Overton[*]
Argued at Richmond, Virginia


RUSTY'S WELDING SERVICE, INC. AND
 HARLEYSVILLE MUTUAL INSURANCE COMPANY
                                        OPINION BY
v.   Record No. 2552-97-2        JUDGE ROSEMARIE ANNUNZIATA
                                       FEBRUARY 2, 1999
EDWARD WAYNE GIBSON

                 UPON A REHEARING EN BANC

       FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          S. Vernon Priddy, III (Sands, Anderson,
          Marks & Miller, on brief), for appellants.

          Laura Ann McDonald (Craig B. Davis;
          Christopher C. Booberg; Geoffrey R.
          McDonald & Associates, on briefs), for
          appellee.



     Rusty's Welding Service, Inc. (employer) appealed the

commission's award of benefits to Edward Wayne Gibson (claimant).

Employer contended the award was barred by principles of res

judicata and that the award improperly required employer

simultaneously to pay permanent partial disability (PPD) and

temporary partial disability (TPD) benefits.  A panel of this

Court agreed and reversed the commission's decision.  A hearing

en banc was granted upon the petition of claimant.  For the

reasons that follow, we affirm the commission's decision.

---

[*]Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17-116.01:1.

I.

THE REHEARING EN BANC

Employer first argues that claimant is barred from having his argument considered on rehearing en banc and asks this Court to dismiss his petition on the ground that claimant elected not to brief the issues on the initial appeal or present argument with respect to them.  Claimant, proceeding pro se and as the prevailing party, simply stated in writing that he intended to rely on the previous filings and the decisions of the Workers' Compensation Commission in the case as his response to employer's appeal.

In support of its position, employer cites inter alia Coleman v. City of Richmond, in which we observed that "[o]rdinarily, a petition for rehearing will not be granted for the purpose of allowing counsel to submit additional authority that could have been represented in brief or oral argument."  6 Va. App. 296, 297 n.1, 368 S.E.2d 298, 300 n.1 (1988).  Our decision in Coleman does not establish an absolute bar to claimant's petition for rehearing en banc.[1]  Under the circumstances of this case, we find no reason which precludes our

_____

[1]Although we set forth a general prohibition against the submission of additional authority on rehearing that could have been presented before the original panel, in our consideration of the petition for rehearing in Coleman, we permitted the presentation of additional authority.  Id. at 297-99, 368 S.E.2d at 299-300 (examining a decision of the United States Supreme Court on petition for rehearing that the petitioner had not asked the panel to consider on original appeal).

consideration of claimant's petition, the brief he filed in support of it and the argument he advanced before this Court. Without exception, the authorities claimant cited in his petition for rehearing are the same as those cited by the original panel's majority or dissenting opinion. Claimant's arguments are premised on the original panel's dissenting opinion.

Furthermore, the policy considerations which underlie our holding in Coleman are not implicated here. The relevant considerations include the avoidance of surprise to the opposing party, together with the concomitant and related need to foster and preserve an orderly and comprehensive review by the appellate court. A piecemeal consideration of authority serves neither purpose. In this case, however, neither of these policy considerations is jeopardized by granting claimant's petition to rehear this matter en banc. Because the issues raised in claimant's petition for rehearing en banc are the same as those considered by the panel and because the authorities upon which claimant relies in his petition are the same as those cited in either the majority or the dissenting panel opinion, dismissal of claimant's petition for rehearing for the reasons advanced by employer would elevate form over substance. We decline to follow such a course.

Finally, we find nothing in our rules or the rules governing proceedings in the Virginia Supreme Court that precludes claimant from filing a petition for rehearing en banc. See Rules 5A:26,

5A:33, 5A:34.  Accordingly, we decline to adopt the position urged by employer.

II.

RES JUDICATA

We view the relevant facts in the light most favorable to the claimant. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). While carrying a bottle of acetylene on November 12, 1994, claimant sustained an accidental injury to his back. Employer accepted the injury as compensable and paid benefits. In applications filed July 16, 1996 and October 29, 1996, respectively, claimant sought an increase in TPD benefits, an order holding employer responsible for medical expenses for claimant's left knee, and an award of PPD benefits for a 40% impairment to claimant's left leg. All of claimant's requests were based upon the medical opinion of Dr. Gurpal S. Bhuller.

After an on-the-record review, the deputy commissioner issued an opinion on March 4, 1997, in which he wrote that Dr. Bhuller did not adequately explain how claimant's leg injury was caused by the compensable back injury. The deputy commissioner also noted that Dr. Bhuller did not explain that the 40% leg impairment was permanent or that claimant had reached maximum medical improvement. He wrote that, "on the evidence before us we cannot conclude that maximum medical improvement has been reached and accordingly deny permanent partial disability benefits at this time." The deputy commissioner ordered employer's insurance carrier to submit a report showing

- 5 -

claimant's earnings and employer's payments to claimant, and concluded as follows:

> Accordingly, the claimant's application is DENIED insofar as it has requested permanent partial disability benefits for the left leg and is DENIED to the extent requesting payment for medical treatment to the left knee. In all other respects, the claimant's application is continued on the Dispute Resolution Docket in accordance with the provisions of this opinion with the carrier to comply with the ORDERS stated above.

Neither party sought review of this opinion.

On April 9, 1997, claimant filed another application seeking PPD benefits for a 40% impairment in his left leg. In support of his application, claimant submitted an additional opinion of Dr. Bhuller explaining claimant's 40% impairment in his left leg and stating that claimant had reached maximum medical improvement. In an opinion filed May 29, 1997, the deputy commissioner awarded claimant PPD benefits for a 40% loss of use of his left leg. Employer was ordered to pay claimant a lump sum of $25,767.70 in accrued benefits.

On review, the commission acknowledged that Dr. Bhuller's opinion submitted in support of the May 29, 1997 award "was not based on a contemporaneous evaluation but represented a more complete discussion of the basis for the disability rating." The commission also acknowledged that the issue addressed in the May 29, 1997 opinion was identical to the issue addressed in the March 4, 1997 opinion. The commission held as follows:

> [T]he issue was not determined with finality. The Deputy Commissioner specifically stated

> that, based "on the evidence before us,"
> permanent partial disability benefits were
> denied "at this time" [emphasis added]. The
> Commission interprets the Opinion of March 4,
> 1997, to have left the issue of permanent
> partial disability unresolved for future
> determination.

The commission also held that it had discretion to order simultaneous payment of TPD and PPD benefits.

Employer argues that the award of PPD benefits on claimant's second application is barred by the doctrine of res judicata. Unlike questions of fact, which are binding on this Court if supported by evidence, we review questions of law de novo. Sinclair v. Shelter Constr. Corp., 23 Va. App. 154, 156-57, 474 S.E.2d 856, 857-58 (1996).

The doctrine of res judicata is applicable to decisions of deputy commissioners and the full commission. K & L Trucking Co., Inc. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985). Generally, "[r]es judicata precludes the re-litigation of a claim or issue once a final determination on the merits has been reached." Gottlieb v. Gottlieb, 19 Va. App. 77, 81, 448 S.E.2d 666, 669 (1994). Therefore, absent fraud or mistake, "the decisions of the Commission or its deputy commissioners from which no party seeks timely review are binding upon the Commission." Thurber, 1 Va. App. at 219, 337 S.E.2d at 302.

As the party seeking to assert res judicata, employer must prove that the deputy commissioner rendered a final judgment in its favor. Straessle v. Air Line Pilots' Ass'n, Int'l, 253 Va.

349, 353, 495 S.E.2d 387, 389 (1997).  Generally, a judgment is final for the purposes of res judicata when "nothing more is necessary to settle the rights of the parties or the extent of those rights."  8B Michie's Jurisprudence, Former Adjudication or Res Judicata § 13 (1994).  Furthermore, the employer must prove by a preponderance of the evidence that the issue previously raised was decided on the merits.  Fodi's v. Rutherford, 26 Va. App. 446, 449, 495 S.E.2d 503, 505 (1998).

There is no question that, if the hearing remained open for further evidence, res judicata would not apply to bar appellant's claim.  See Straessle, 253 Va. at 353, 495 S.E.2d at 389.  This is precisely what the commission determined to be the posture of the case when a second hearing was held before the deputy commissioner.  The commission "interpret[ed] the Opinion of March 4, 1997, to have left the issue of permanent partial disability unresolved for future determination" and held that the former adjudication was not final.  The commission premised its holding that the former adjudication lacked finality on the deputy commissioner's statement in the body of the opinion that PPD benefits were denied "at this time."

Proceeding from that conclusion, the commission considered the additional medical evidence which claimant filed with his second application.  The commission described the evidence as "a new medical report from his treating physician, Dr. Gurpal S. Bhuller."  In the report, Dr. Bhuller fully explained claimant's

40% permanent partial impairment rating and opined for the first time that claimant had reached maximum medical improvement.

Employer contends, however, that the body of the deputy commissioner's opinion should be disregarded, that the operative holding is stated at the end of the opinion and that the deputy commissioner's decision, thus viewed, fails to reflect any intent to hold the hearing open for further evidence. The language upon which employer specifically relies is contained in the final paragraph of the deputy commissioner's opinion letter, where the following conclusion is set forth: "claimant's application is DENIED insofar as it has requested permanent partial disability benefits for the left leg."

While no Virginia case directly addresses the issue before us, we note the general principle that courts have the authority to interpret their own orders. See Anderson v. Stephens, 875 F.2d 76, 80 n.8 (4th Cir. 1989); Schwinn Cycling & Fitness Inc. v. Benonis, 217 B.R. 790, 795 (N.D. Ill. 1997). Furthermore, when construing a lower court's order, a reviewing court should give deference to the interpretation adopted by the lower court. See Anderson, 875 F.2d at 80 n.8; Matter of Xonics, Inc. v. First Wisconsin Financial Corp., 813 F.2d 127, 130 (7th Cir. 1987). We hold that these principles apply when interpreting the adjudicative orders of an administrative agency.[2]

_____

[2]We also note the applicability, by analogy, of principles developed in relation to the Worker's Compensation Commission's rule-making authority. The commission has the power to make and enforce rules not inconsistent with the Workers' Compensation Act

Principles applicable to the construction of judicial judgments and decrees are also instructive. Judgments and decrees entered by courts, and by extension by non-judicial adjudicative bodies, are the instruments through which they elect to speak. Thus, when the trier of fact issues an opinion at the time its decree is entered, the opinion is instructive as to the decree's reasoning and, by extension, its effect. See Lindsey v. Lindsey, 158 Va. 647, 653, 164 S.E. 551, 553 (1932) (stating that opinions entered by a trial court are "often exceedingly useful and frequently serve to bring to our attention incidents of importance which would otherwise not be noted in the record, and which could not readily be made to appear, even by bills of exception"). See also Middle-West Concrete Forming & Equip. Co. v. General Ins. Co. of America, 267 S.E.2d 742, 745 n.4 (W. Va. 1980) ("Where the written opinion of the trial court is made part of the record, the reviewing court may consider the written opinion in determining the reasons for the trial court's rulings

---

in order to carry out the provisions of the Act. Code § 65.2-201(A); Arellano v. Pam E. K's Donuts Shop, 26 Va. App. 478, 482, 495 S.E.2d 519, 521 (1998). Additionally, the commission has the power to interpret its own rules. Id. at 482-83, 495 S.E.2d at 521; Brushy Ridge Coal Co. v. Blevins, 6 Va. App. 73, 78 n.2, 367 S.E.2d 204, 206 n.2 (1988). When a challenge is made to the commission's construction of its rules, the appellate court's review is limited to a determination of whether the commission's interpretation was reasonable. Arellano, 26 Va. App. at 483, 495 S.E.2d at 521. The commission's interpretation will be accorded great deference and will not be set aside unless arbitrary or capricious. Specialty Auto Body v. Cook, 14 Va. App. 327, 330, 416 S.E.2d 233, 235 (1992).

and judgment."); <u>State ex rel. Moore v. Munchmeyer</u>, 197 S.E.2d 648, 653 (W. Va. 1973) (stating that a decree should be construed with reference to the court's intent and to other parts of the record) (citing <u>Beecher v. Foster</u>, 66 S.E. 643, 645 (W. Va. 1909)).

Applying the principles enunciated, we hold that the commission is entitled to interpret its own orders in determining the import of its decisions. We further hold that it is within the commission's discretion to reach beyond the confines of the ultimate paragraph of the deputy commissioner's opinion and to examine the opinion of the deputy commissioner as a whole in order to ascertain the result intended. We further find that the exercise of its discretion with respect to this issue was reasonable and not arbitrary or capricious. The record supports the commission's conclusion that the deputy commissioner's use of the words "claim denied," followed by the phrase "at this time" signified a lack of finality in the proceedings. Because the deputy commissioner's decision was not a final determination on the merits of the matter before him, the doctrine of <u>res</u> <u>judicata</u> does not apply. <u>See</u> <u>Cook v. Clinchfield Coal Co.</u>, 215 Va. 599, 212 S.E.2d 263 (1975).[3] Accordingly, we affirm the commission's

_____

[3]In <u>Cook</u>, the record disclosed that claimant's prior application "was dismissed by the deputy commissioner because the medical evidence at the hearing before him failed to disclose the existence of any occupational disease." The Court held as follows:

> Since claimant could not prove his 1968 claim
> by medical evidence before the deputy

decision that the appellant's claim is not barred under the principles of <u>res</u> <u>judicata</u>.

---

commissioner, he was not barred from filing his second claim when he obtained a positive diagnosis on June 13, 1973 . . . .

<u>Id.</u> at 600, 212 S.E.2d at 264.

## THE MERITS

Under well recognized principles governing the standard of review on appeal, we must affirm the commission's judgment awarding PPD if those findings are supported by credible evidence in the record, regardless of whether contrary evidence exists or contrary inferences may be drawn.  See Code § 65.2-706(A); Stenrich Group v. Jemmott, 251 Va. 186, 192, 467 S.E.2d 795, 798 (1996); Roanoke Belt, Inc. v. Mroczkowski, 20 Va. App. 60, 68, 455 S.E.2d 267, 271 (1995).  We find that the commission's decision is supported by credible evidence and must be affirmed.

When the first application was considered by the deputy commissioner, the attending physician had expressed no opinion as to whether claimant had reached maximum improvement from his work-related injury.  Until the deputy or commission received medical evidence that the injured employee attained maximum medical improvement, the deputy was without authority to make an award for permanent injury.  See County of Spotsylvania v. Hart, 218 Va. 565, 568, 238 S.E.2d 813, 815 (1977).  Therefore, on the first application for an award based on permanency, the deputy correctly ruled that "at this time" claimant's request had to be denied because the compensation provided by Code § 65.2-503 is not awardable "until the injury has reached a state of permanency, i.e.[,] maximum [medical] improvement, when the degree of loss may be medically ascertained."  See id.; Nicely v.

Virginia Elec. & Power Co., 195 Va. 819, 823, 80 S.E.2d 529, 531 (1954).

When claimant filed his second application, he attached what the commission termed "a new medical report from his treating physician, Dr. Gurpal S. Bhuller."  Dr. Bhuller's report contained claimant's statement that his "symptoms still persist" and Dr. Bhuller's opinion, for the first time, established that claimant had reached maximum medical improvement and set forth the basis for the 40% rating which Dr. Bhuller had given claimant's lower extremity impairment on August 1, 1996.  Dr. Bhuller's report of March 12, 1997 provides credible evidence to support the commission's finding that claimant had reached maximum medical improvement as of August 1, 1996.

Employer further contends on appeal that the commission's order requiring employer to pay the PPD benefits simultaneously with ongoing TPD benefits was erroneous.  Code § 65.2-503 provides that "[c]ompensation awarded pursuant to this section [for a scheduled impairment] . . . shall be payable after payments for temporary total incapacity pursuant to § 65.2-500 . . . [but] may be paid simultaneously with payments for [temporary] partial incapacity pursuant to § 65.2-502." (Emphasis added).  Employer contends the statutory language provides employer, rather than the commission, with the discretion to make simultaneous or successive payments of TPD and PPD benefits.

We disagree.  The commission has the power under the Workers' Compensation Act to enter awards granting or denying benefits under the Act and dictating the terms under which those benefits will be paid as long as those terms do not conflict with the requirements of the Act.  <u>See, e.g.</u>, Code §§ 65.2-101, 65.2-201.  Therefore, the only reasonable construction of Code § 65.2-503, which provides that payments for a rating "<u>may</u> be paid simultaneously with payments for [temporary] partial incapacity," (emphasis added), is that the commission has discretion to order such payments.  In cases where the commission does not order such payments, employer would be free to make simultaneous payments voluntarily.

For these reasons, we affirm the commission's decision modified to the extent that only the PPD benefits that had accrued after August 1, 1996 were payable in a lump sum.

<u>Affirmed.</u>