COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Humphreys
Argued at Salem, Virginia


WILLIAM GARY BOYER
                                        MEMORANDUM OPINION* BY
v.    Record No. 0906-00-3              JUDGE ROBERT P. FRANK
                                            DECEMBER 5, 2000
SUNDOWN EXPRESS, INC. AND
 LEGION INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        A. Thomas Lane, Jr., for appellant.

        Thomas S. Berkley (Carr and Porter, L.L.C.,
        on brief), for appellees.


    William Gary Boyer (claimant) appeals the decision of the

Workers' Compensation Commission (commission) finding his claim

alleging injury by accident arising out of and in the course of

his employment on March 19, 1998 is barred by the doctrine of

res judicata.  Finding no error, we affirm the commission's

decision.

                    I.  BACKGROUND

    Claimant originally filed a claim for benefits alleging he

suffered an accident on April 19, 1998, which arose out of and

in the course of his employment with Sundown Express, Inc.

(employer).  Claimant alleged he injured his back while moving

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

pallets of frozen turkeys.  Claimant filed the medical records of Dr. Chappell and Dr. Riggleman in support of his claim.

On March 18, 1999, prior to the hearing on the claim, claimant requested the claim be dismissed without prejudice.  On March 19, 1999, Deputy Commissioner Culbreth entered an order dismissing the claim without prejudice.

On March 25, 1999, claimant filed a second claim for benefits again alleging he suffered a compensable injury on April 19, 1998.  A hearing was held before Deputy Commissioner Culbreth on June 15, 1999.  Prior to the conclusion of the hearing, claimant withdrew his claim.  The commission issued an opinion on June 23, 1999, which noted the withdrawal of the initial claim on March 18, 1999, and dismissed the second claim with prejudice.  Claimant did not appeal the dismissal of the second claim.

On June 23, 1999, claimant filed the present claim for benefits, alleging he was injured in a work-related accident on March 19, 1998, a different date from the first two claims. Claimant alleged he injured his back unloading frozen turkeys. Claimant attached the same medical records from Dr. Chappell and Dr. Riggleman to the present claim as were attached to the initial and second claims.

Employer filed a plea of res judicata.  The deputy commissioner dismissed claimant's present claim with prejudice. Claimant requested review by the full commission.  In its

-

opinion, the commission found that claimant alleged the same injury and relied upon the same medical evidence as in the first two claims. The commission rejected claimant's argument that the different date of accident distinguished the present claim from the prior litigation. The commission affirmed the deputy commissioner's decision.

## II. ANALYSIS

Claimant contends his present claim for benefits is not barred by the doctrine of res judicata.

Claimant concedes the present claim concerns the same injury, the same employer, and the same medical records, yet he contends that the same set of operative facts do not exist because the new date of accident asserted in the present case specifically distinguishes it from the first two claims.

"It is well-settled that conclusions of the Commission upon questions of law, or mixed questions of law and fact, are not binding on [appeal]." Brown v. Fox, 189 Va. 509, 517, 54 S.E.2d 109, 113 (1949). The determination of res judicata is a question of law. See Rusty's Welding Service, Inc. v. Gibson, 29 Va. App. 119, 127, 510 S.E.2d 255, 259 (1999) (en banc). "The doctrine of res judicata is applicable to decisions of deputy commissioners and the full commission. Generally, '[r]es judicata precludes the re-litigation of a claim or issue once a final determination on the merits has been reached.'" Id. at 128, 510 S.E.2d at 259 (citations omitted).

-

In this case, when the second claim was dismissed with prejudice, employer received a final disposition of the claim, which was adverse to claimant.

"The bar of res judicata precludes relitigation of the same cause of action, or any part thereof, which could have been litigated between the same parties . . . ." Smith v. Ware, 244 Va. 374, 376, 421 S.E.2d 444, 445 (1992) (citations omitted). "[A]s a general proposition a judgment of dismissal which expressly provides that it is 'with prejudice' operates as res judicata and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition . . . ." Virginia Concrete Co. v. Bd. of Supervisors of Fairfax County, 197 Va. 821, 825, 91 S.E.2d 415, 418 (1956) (citation omitted).

> Under the Workers' Compensation Act (the "Act"), Code §§ 65.2-100 to -1310, "a claimant must prove by a preponderance of the evidence either an 'injury by accident' or an 'occupational disease.'" A New Leaf, Inc. v. Webb, 257 Va. 190, 195, 511 S.E.2d 102, 104 (1999) (citations omitted). The term "injury by accident" is defined as an "identifiable incident or sudden precipitating event [that results] in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989) (citation omitted); see Chesterfield Co. v. Dunn, 9 Va. App. 475, 476, 389 S.E.2d 180, 181 (1990).

Ogden Aviation Services v. Saghy, 32 Va. App. 89, 94, 526 S.E.2d 756, 758 (2000).

-

Claimant, to receive compensation for his injury, had to prove he suffered an "injury by accident." To do so, he had to establish that there was an "identifiable incident" or "sudden precipitating event" whereby he suffered a mechanical or structural change in his body. The "identifiable incident" in the first two claims and the present claim was the lifting of the pallets of frozen turkeys. Claimant does not contend the injury in the present claim is different from the injury alleged in the first two claims, and the medical evidence submitted with all three claims was identical. In fact, claimant concedes that the claims are the same except for the date of the accident.[1]

When the commission dismissed the second claim with prejudice, it dismissed claimant's claim for the work-related back injury he sustained by unloading the pallets of frozen turkeys. The present claim is for the same work-related back injury claimant sustained by unloading the pallets of frozen turkeys. The issues before the commission in all three claims were whether claimant suffered an injury by accident that arose out of and during the course of his employment. The date of the

---

[1] Claimant argues in his brief that he planned to submit additional medical evidence. However, the medical evidence submitted in support of the current claim is all that was before the commission, and it is identical to the medical evidence submitted in the first two claims.

injury was irrelevant to the issues before the commission in all three claims.[2]

We, hold, therefore, that the current claim is barred by res judicata because the date of the accident was irrelevant to the determination of the issues in all three claims and, in all other respects, the claims were identical.

Affirmed.

---

[2] On the facts before us, the date is irrelevant to the claim. However, in other cases, the date of injury may have significance.

-