ANNUNZIATA, Judge,
dissenting.
I respectfully dissent from the majority opinion for the following reasons. The majority holds that jurisdiction was retained in this case because the September 30, 1997 decision by the deputy commissioner was an interlocutory and not a final order, a position wholly inconsistent with case precedent and commission practice.
In this case, Brown filed a timely claim for permanent partial disability benefits on January 9, 1997. On April 22, 1997, Brown submitted an application for an evidentiary hearing on her claim, which was held on September 11,1997. The deputy commissioner heard the case on the merits and in her September 30, 1997 opinion, concluded that maximum medical improvement had not been reached. She accordingly denied the claim.[1] Case law supports this conclusion, defining a final order as “a decision ... granting or denying ... some benefit......." Jewell Ridge Coal Corp. v. Henderson, 229 Va. 266, 269, 329 S.E.2d 48, 50 (1985); Holly Farms Foods, Inc. v. Carter, 15 Va.App. 29, 34, 422 S.E.2d 165, 167 (1992).
Brown never appealed the decision denying her claim. Instead, she waited nearly two years and then filed another claim for permanent disability benefits on March 11, 1998. The commission has repeatedly held that where the claimant does not appeal a decision denying benefits, that order becomes final. See, e.g. Gibson v. Rusty’s Welding Service, Inc., 76 VWC 373, 374 (1997) (“[T]he Deputy Commissioner denied the claim for permanent partial disability ... on the ground *284 that ... claimant had not reached maximum medical improvement. Neither party requested Review of the Opinion of March 4, 1997, which is now final.” (emphasis added)); Price v. Davis H. Elliot Co., No. 137-65-65 (Va. Workers’ Comp. Comm’n Sept. 11, 1995) (holding that where claimant did not timely appeal denial of application for benefits the denial became final). This Court has affirmed that position. See McCarthy Elec. Co. v. Foster, 17 Va.App. 344, 345, 437 S.E.2d 246, 247 (1993) (“If the application for review is not made within the twenty-day limitation period, the commission has no jurisdiction to review the matter.... ”).
The commission’s finding is also wholly consistent with its prior holdings in which an affirmative and express decision to retain jurisdiction over a case must be reflected in its final order to permit a claimant whose claim for permanent partial disability benefits has been denied as “premature” and not thereafter appealed, to refile her claim and present evidence of maximum medical improvement to the commission after the passage of the statutorily mandated time frame. See e.g. Sadler v. Walter Reed Convalescent Ctr., No. 166-95-08 (Va. Workers’ Comp. Comm’n July 15, 1998); Robinson v. Super Fresh, No. 173-24-12 (Va. Workers’ Comp. Comm’n June 17, 1998); Combs v. Mackie J Coal Co., No. 159-42-03 (Va. Workers’ Comp. Comm’n Nov. 18, 1994); Griffin v. Breeden Co., No. 583-167 (Va. Workers’ Comp. Comm’n Apr. 27, 1984). In short, whether to retain jurisdiction over a claim for permanent disability benefits in order to allow a claimant to submit proof that she has reached maximum medical improvement, is a matter lying within the discretion of the commission, which must affirmatively be exercised to be effective. Where jurisdiction has not been expressly retained, the commission has made clear that subsequent claims must be filed within the limitations period. See, e.g. Williams v. Chippenham Manor, No. 180-97-73 (Va. Workers’ Comp. Comm’n Aug. 11, 1998) (ruling that claimant must file new claim within limitations period once maximum medical improvement is reached); Harris v. James River Cleaners, Inc., No. 169-12-53 (Va. Workers’ Comp. Comm’n June 13, 1995) (ruling that *285 claimant was not precluded from filing a “subsequent timely claim” once she had more evidence); Quesenberry v. Federal Mogul Blacksburg, No. 159-12-58 (Va. Workers’ Comp. Comm’n Sept. 16, 1994) (ruling that claimant could file new claim once maximum medical improvement reached if filed within limitations period). I have discerned no authority which supports the view that jurisdiction is automatically retained over a claim which has been denied for faffing to prove maximum medical improvement and which has not been appealed.
The majority’s reliance on Rusty’s Welding Service, Inc. v. Gibson, 29 Va.App. 119, 510 S.E.2d 255 (1999) (en banc ), rev’g 27 Va.App. 783, 501 S.E.2d 444 (1998), is misplaced. Gibson is cited for the proposition that the deputy commissioner’s ruling in this case was not a final order and that the retention of jurisdiction upon a finding that a claim resting on proof of maximum medical improvement was premature is automatic. However, the question in Gibson was whether the issue raised by claimant was res judicata, not whether the claim was timely filed. Indeed, the procedural history in Gibson is instructive because the claimant in Gibson, like the claimant here, filed two claims for permanent partial disability benefits, the first of which was denied on the ground maximum medical improvement had not been reached, a finding that was not appealed, and accordingly was determined by the commission to be final. See id. at 126, 510 S.E.2d at 258-59; Gibson, 76 VWC at 374. However, Gibson filed his second application for permanent partial disability benefits, together with a doctor’s report establishing that he had reached maximum medical improvement, one month after the first denial of benefits, and before the statute of limitations had run. See id. at 127, 510 S.E.2d at 259. The second claim was thus timely. The employer argued, instead, that the issue was res judicata and that the second claim should be dismissed on that ground. The commission, construing the deputy commissioner’s order as one that anticipated a later submission of evidence, found *286 that the claim had not been fully adjudicated and thus was not res judicata.
In this case, the unappealed final order denying benefits did not retain jurisdiction, either by express language to that effect, see e.g. Griffin (deputy commissioner denied claim as premature and claimant appealed; on appeal commission agreed claim was premature, but expressly retained jurisdiction over claim), or by deferring adjudication of the matter, see, e.g., Sadler. The commission therefore properly decided, consistent with, its historical practice and with the relevant case law, that the unappealed order denying benefits was final and that the refiled claim was time-barred.[2] In the absence of explicit language or other clear indicia of its intent to retain jurisdiction, I would affirm the commission’s decision that Brown’s claim is barred under Code § 65.2-708. See Gibson, 29 Va.App. at 130, 510 S.E.2d at 260 (“[T]he commission is entitled to interpret its own orders in determining the import of its decisions.”).
Accordingly, I dissent from the majority’s opinion.

. The deputy commissioner further ordered the case removed from the docket and noted in her order that the parties had twenty days to appeal the decision, making clear that the order was not interlocutory in nature. See Dancy v. Georgia Pacific Corp., 76 VWC 446, 448 (1997) ("[A] review of right exists only as to a final decision or award regarding a benefit allowable under the Act.”).

. In the procedural history section of the amended opinion, the deputy commissioner referred to the January, 1997 application and the fact that the claim had been denied on September 30, 1997. In the section entitled “Present Proceeding,” the deputy commissioner stated that "[t]his matter comes before the Commission on the Claim ... filed on March 16, 1998....” In the section in which she concluded that Brown’s claim was time-barred, the deputy commissioner stated, "[b]enefits were last paid to the claimant through January 12, 1994. The instant claim was not filed until March 16, 1998, more than 4 years later.”