COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bumgardner and Agee
Argued at Salem, Virginia


PRICE GUTTERING & INSULATING AND
 CGU INSURANCE COMPANY

                                      MEMORANDUM OPINION[*] BY
v.    Record No. 0910-01-3          JUDGE G. STEVEN AGEE
                                         OCTOBER 16, 2001

NOLAND JEFFERY KILGORE


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Kevin T. Streit (James G. Muncie, Jr.;
            Midkiff, Muncie & Ross, P.C., on briefs), for
            appellants.

            P. Heith Reynolds (Wolfe, Farmer, Williams &
            Rutherford, on brief), for appellee.


     Price Guttering & Insulating and its insurer, CGU Insurance

Company (herein collectively referred to as "the employer"),

appeal from a decision of the Workers' Compensation Commission

awarding benefits to Noland Jeffery Kilgore (the claimant).  The

employer contends the commission erred in finding that the

claimant filed his claim for benefits related to his neck within

the statutory period, that the claim was not barred by the

doctrine of res judicata, and the evidence presented was

sufficient to prove that the claimant's treatment was

reasonable, necessary and/or causally related to the

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

work-related accident.  We disagree with the employer and affirm the commission's decision.

## I.  BACKGROUND

On April 5, 1996, the claimant fell off a wet roof on which he was installing gutters.  He fell approximately fourteen feet to the ground and landed on his right shoulder and right hip. The subsequent claim for benefits identified an injury to the right shoulder, but during discovery the claimant submitted interrogatory answers reflecting a neck injury.  In the deputy commissioner's first opinion, dated September 19, 1996, the accident was determined to be compensable, and the claimant was awarded medical benefits for as long as necessary and temporary total disability benefits from April 5, 1996 through August 16, 1996.  The first opinion did not make a finding of fact as to what injury (shoulder, neck, neither or both) was the "injury by accident" under Code § 65.2-101.

On July 2, 1999, the claimant filed a second claim with the commission seeking an order requiring the employer to pay his unpaid medical expenses pursuant to the first opinion, including certain expenses related to claimed injuries to his neck.  The employer defended on the basis that the treatment provided was not causally related to the April 1996 accident, that the claimant suffered only an injury to his right shoulder as a consequence of the accident, and that treatment to the neck or

-

any other conditions claimed to be causally related to the accident were barred by the doctrine of res judicata.

The deputy commissioner who wrote the first opinion also wrote a second opinion, dated October 19, 1999. In pertinent part, the second opinion contained the following discussion:

> [T]he previous opinion found that the claimant suffered an injury to the right shoulder . . . .
>
>    *       *       *       *       *       *       *
>
> [W]e do not have [a medical] opinion based upon a complete and accurate history advising what injuries claimant may have suffered in addition to the right shoulder. . . . [C]laimant denied having any previous difficulties with his neck and upper back . . . . With the record we have been presented with . . . we have no way of determining whether or not specific treatment that has not been paid for was for injuries claimant suffered on April 5, 1996.

It was then ordered that the employer was to pay for all treatment associated with the right shoulder, but "any other treatment not causally related to that injury or reasonable and necessary to treat that injury are not the responsibility of [the employer]."

The claimant timely appealed this decision to the full commission. The employer argued that the treatment to the claimant's neck was not causally related to the April 1996 accident, was not timely filed under Code § 65.2-601 and, in the alternative, that the first opinion only covered treatment for

-

the right shoulder, not the neck, and re-litigation was barred by the doctrine of res judicata.

In an opinion dated March 6, 2001, a majority of the full commission found "that the evidence clearly preponderates that the claimant's neck and right shoulder symptoms are causally related to his accident." The opinion cites numerous references in the claimant's medical file of complaints of neck pain and diagnoses of cervical strain by several physicians. The commission found that Dr. Kanwal, the treating internist since the accident, had "stated unequivocally that the shoulder and neck problems are causally related." It is also noted that Dr. Ahmad, who has treated the claimant since 1997, opined that the shoulder and neck problems were causally related.

The commission rejected the statute of limitations and the res judicata arguments. Regarding res judicata, the majority opined that the deputy commissioner's first opinion, which awarded benefits, did not exclude a neck injury. Commissioner Tarr dissented as to the res judicata determination.

## II. ANALYSIS

On appeal, the employer contends (1) the commission lacked jurisdiction to award benefits for a neck injury because claimant failed to file a timely claim for these injuries; (2) the commission failed to properly apply the doctrine of res judicata, which would bar consideration of the claimant's neck

-

injury claims; and (3) even if the commission had jurisdiction and res judicata does not apply, the record contains no evidence to support the commission's finding of causation. We disagree with these contentions and affirm the opinion of the commission.

## A.   Statute of Limitations

"The right to compensation under [the Workers' Compensation Act] shall be forever barred, unless a claim be filed with the Commission within two years after the accident." Code § 65.2-601; see Barksdale v. H.O. Engen, Inc., 218 Va. 496, 499, 237 S.E.2d 794, 796-97 (1977). "This is the notice which activates the right of the employee to compensation and which invokes the jurisdiction of the [Workers' Compensation Commission]." Binswanger Glass Co. v. Wallace, 214 Va. 70, 73, 197 S.E.2d 191, 194 (1973).

It is the intent of Code § 65.2-601 that, within the time prescribed by the section,

> an employee must assert against his employer any claim that he might have for any injury growing out of the accident. . . . Failure to give such notice within [the statutorily prescribed period] would seriously handicap the employer . . . in determining whether or not there was in fact an injury, the nature and extent thereof, and if related to the accident. The reason for the limitation . . . is a compelling one.

Shawley v. Shea-Ball Constr. Co., 216 Va. 442, 446, 219 S.E.2d 849, 853 (1975).

-

While the only injury listed by the claimant in his initial claim form was "[i]njury to right shoulder," he identified a neck injury in response to the interrogatory request to "[d]escribe in detail and with particularity each and every injury which you contend you suffered as a result of your alleged accidental injury." This discovery answer was placed into evidence in 1996, prior to the first opinion. Accordingly, the employer and the commission were on notice that the claimant was complaining of a neck injury in 1996. This is well within the statute of limitations so the Shawley doctrine does not apply.

At oral argument, but not by brief, the employer cited our recent unpublished opinion in McKee Foods Corporation v. Atkins, No. 2727-00-3 (Va. Ct. App. July 3, 2001), as support for its Shawley claim. McKee, though, is clearly distinguishable as the employer in that case was only notified of injuries listed in the parties' Memorandum of Agreement. The untimely claimed injury in McKee was not listed. In the case at bar, by contrast, the employer was provided specific timely notice by the claimant of his neck injury in direct answer to the employer's interrogatories.

## B.  Res Judicata

The doctrine of res judicata is applicable to decisions of deputy commissioners and the full commission.  K & L Trucking

-

Co., Inc. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985). "'Res judicata precludes the re-litigation of a claim or issue once a final determination on the merits has been reached.'" Rusty's Welding Service, Inc. v. Gibson, 29 Va. App. 119, 128, 510 S.E.2d 255, 259 (1999) (quoting Gottlieb v. Gottlieb, 19 Va. App. 77, 81, 448 S.E.2d 666, 669 (1994)). Therefore, when a decision has been made, absent fraud or mistake, the decision of the commission or a deputy commissioner from which no party seeks timely review is binding upon the commission. Thurber, 1 Va. App. at 219, 337 S.E.2d at 302.

It is the employer's contention that the first opinion, issued by the deputy commissioner in 1996, determined that the claimant suffered only an injury to his right shoulder, and, since a neck injury was complained of at that time, the claimant was barred from later making a claim based on the neck injury. It is further argued that any ambiguity relating to the neck injury determination in the first opinion was clarified by the same deputy commissioner's second opinion. The employer reads the second opinion to definitively hold the claimant sustained only a shoulder injury. The full commission disagreed, finding "the initial hearing, which awarded benefits, did not exclude neck treatment." We agree with the commission's determination.

We dealt with the basic principles regarding the application of res judicata to decisions of the commission in

-

Rusty's Welding Service, 29 Va. App. at 126-31, 510 S.E.2d at 258-61. Accordingly, we review de novo the commission's determination as to the applicability of res judicata, a question of law. Id. at 128, 510 S.E.2d at 259.

> As the party seeking to assert res judicata the employer must prove that the deputy commissioner rendered a final judgment in its favor. Generally, a judgment is final for the purposes of res judicata when "nothing more is required to settle the rights of the parties or the extent of those rights." Furthermore, the employer must prove by a preponderance of the evidence that the issue previously raised was decided on the merits.

Id. (internal citations omitted).

The employer has failed to meet its burden. The first opinion is vague and does not identify, from among the injuries in evidence, which injury (or injuries) is the basis for the finding of "injury by accident." Even if the deputy commissioner thought he made a finding excluding recovery for the neck injury in the first opinion, there is nothing in the first opinion by which anyone could determine he did so. The commission, like the trial court, speaks through its orders. Id. at 129, 510 S.E.2d at 260. We cannot say the neck injury was litigated and decided at the 1996 hearing, as a matter of law.

We find no support for the employer's contention that the deputy commissioner's second opinion can retroactively rewrite

-

the first opinion to exclude the neck injury. While the second opinion identifies a right shoulder injury, it does not exclude a neck injury. Even assuming, arguendo, that the deputy commissioner's second opinion made a determination excluding a neck injury, this is the first time that determination was communicated and the claimant timely appealed the second opinion. We, therefore, cannot say as a matter of law that the full commission erred in finding the doctrine of res judicata inapplicable.

### C. Causation

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 789 (1990). "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

In ruling that the claimant proved by a preponderance of the evidence that the treatment provided to him for his neck was causally related to his 1996 compensable injury by accident, the commission found as follows:

> From this record, we find the evidence
> clearly preponderates that the claimant's
> neck and right shoulder symptoms are
> causally related to his accident.
> Dr. Kanwal, the internist who has treated

-

him since the accident, stated unequivocally that the shoulder and neck problems are causally related. Dr. Ahmad, who has treated him since August 1997, has also stated unequivocally that the cervical and right shoulder conditions are causally related. It is well established that when faced with conflicting medical opinions, the Commission gives greater deference to the unequivocal opinions of the treating physicians than to the opinion of a non-treating independent medical evaluator. Pilot Freight Carriers v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986). We[,] therefore[,] find that the neck and right shoulder conditions are reasonable, necessary[] and causally related to the compensable accident.

In its role as fact finder, the commission was entitled to weigh the medical evidence, to accept the opinions of Drs. Kanwal and Ahmad, and to reject any contrary medical opinions. The opinions of the treating physicians constitute credible evidence to support the commission's decision. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's decision." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Moreover, "[i]n determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Id.

For these reasons, we affirm the commission's decision.

Affirmed.

-