COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Agee and Senior Judge Overton
Argued at Alexandria, Virginia


WASHINGTON METROPOLITAN AREA
 TRANSIT AUTHORITY
                                     MEMORANDUM OPINION* BY
v.    Record No. 1125-01-4           JUDGE NELSON T. OVERTON
                                         MARCH 19, 2002
KENNEDY TUAN LUONG


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Alan D. Sundburg (Robert C. Baker, Jr.;
              Mell, Brownell & Baker, Chartered, on brief),
              for appellant.

              Julie H. Heiden (Koonz, McKenney, Johnson,
              DePaolis & Lightfoot, on brief), for
              appellee.


     Washington Metropolitan Area Transit Authority (employer)

appeals a decision of the Workers' Compensation Commission

awarding temporary partial disability benefits to Kennedy Tuan

Luong (claimant) beginning December 13, 1999.  Employer contends

the commission erred in finding (1) employer failed to prove

that claimant was capable of performing all of the duties of his

pre-injury work, without restrictions, as of December 13, 1999

based on its finding that claimant was restricted from working

overtime hours; and (2) Rule 1.2(B) of the Rules of the Virginia

─────────────────
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Workers' Compensation Commission did not limit claimant's June 13, 2000 claim seeking temporary partial disability benefits. Finding no error, we affirm.

I.

"General principles of workman's compensation law provide that 'in an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On April 28, 1999, claimant sustained a compensable injury by accident when he slipped and fell on a "running rail" while working for employer. Pursuant to a Memorandum of Agreement executed by the parties on June 21, 1999, they agreed that claimant suffered a head contusion, cervical strain, and scalp laceration in the accident, while earning an average weekly wage of $1,170.74. Pursuant to the parties' agreement, on July 9, 1999, the commission entered an award for ongoing temporary

-

total disability benefits at the statutory maximum rate of $534 per week.

On March 17, 2000, employer filed an application seeking termination or suspension of claimant's outstanding award of temporary total disability benefits.  In support of its application, employer relied upon the December 6, 1999 report of Dr. Lawrence E. Zarchin, claimant's treating physician, wherein Dr. Zarchin released claimant to return to his pre-injury work as of December 13, 1999.

Claimant testified that when he returned to work on December 13, 1999, he understood from his physician that he was not to work more than forty hours per week.  Claimant stated that employer did not allow him to sign up for overtime work assignments because of this restriction.  Thus, claimant's average weekly wage after his return to his pre-injury work was $792.55 per week compared to the stipulated pre-injury average weekly wage of $1,170.74.

In March 2000, Dr. Zarchin, in response to a letter from claimant's counsel, confirmed that the December 1999 release of claimant did not include overtime work.  Dr. Zarchin specifically noted that claimant "was limited to forty hours at time of return to work."  Dr. Zarchin also causally related this restriction to claimant's compensable April 28, 1999 injury by accident.

-

Based upon claimant's testimony and Dr. Zarchin's medical reports and opinions, the commission, as fact finder, was entitled to conclude that claimant had not been "released to fully unrestricted duties on December 13, 1999" and that he "was under a medical restriction that prevented him from applying for, or accepting work in excess of forty hours per week." In its role as fact finder, the commission was entitled to give more probative weight to Dr. Zarchin's opinions than to the opinions of Drs. Tran and Restak.

Based upon this record, we cannot find as a matter of law that employer's evidence sustained its burden of proving that claimant had been released to perform all of the duties of his pre-injury work as of December 13, 1999.

## II.

Employer contends the commission erred in finding that the ninety-day rule contained in Rule 1.2(B) did not limit claimant's June 13, 2000 claim for benefits seeking temporary partial disability benefits beginning December 13, 1999 due to his inability to work overtime hours.

> The commission has the power to make and enforce rules not inconsistent with the Workers' Compensation Act in order to carry out the provisions of the Act. Additionally, the commission has the power to interpret its own rules. When a challenge is made to the commission's construction of its rules, the appellate court's review is limited to a determination of whether the commission's interpretation was reasonable. The commission's

-

> interpretation will be accorded great deference and will not be set aside unless arbitrary or capricious.

Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129 n.2, 510 S.E.2d 255, 260 n.2 (1999) (en banc) (citations omitted).

Rule 1.2(B), which governs employee's claims on the ground of change in condition or other relief, provides in pertinent part that "[a]dditional compensation may not be awarded more than 90 days before the filing of the claim with the Commission."

In affirming the deputy commissioner's finding that "Rule 1.2 is not applicable given the procedural posture of the case," the commission found as follows:

> [E]mployer could have avoided the "prejudice" it is asserting it suffered in this case, had it merely filed - - in a timely manner - - an application to terminate or suspend the claimant's open award. With an open award outstanding, this was its duty, not the claimant's. The timely submission of the employer's application would have placed in issue the claimant's entitlement to, or lack of entitlement to further benefits under the open award, and the 90-day limitation of Rule 1.2 would likely not have been at issue. Instead, the employer failed to submit its application until six months after its [sic] unilaterally suspended benefits, and now argues that the claimant should be prevented from claiming payments of benefits more than ninety days before his "change in condition" application on June 13, 2000. To construe the Commission rules in this fashion would . . . penalize the claimant for the employer's failure to file a timely application for hearing.

-

Therefore, we construe the letter claim submitted by claimant's counsel on June 13, 2000, to have been merely a protective application, which was completely unnecessary in light of the still outstanding award of temporary total disability benefits.

Based upon the procedural posture of this case, we find that the commission's application of Rule 1.2(B) was reasonable and consistent with provisions of the Act and, therefore, will not be set aside by this Court.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>