COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Humphreys and Petty
Argued at Richmond, Virginia


AUTO WHOLESALE DISTRIBUTORS, INC.
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0924-09-2                      JUDGE ROBERT P. FRANK
                                                       FEBRUARY 23, 2010
DONALD G. STOTTS


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

         R. Ferrell Newman (Newman & Wright, RLLP, on brief), for
         appellant.

         Louis D. Snesil (Marks & Harrison, on brief), for appellee.

         Andrew R. Blair (Blair Law Offices, on brief), for Uninsured
         Employer's Fund.


        The Workers' Compensation Commission (commission) awarded Donald G. Stotts,

(claimant) temporary total disability benefits.  Auto Wholesale Distributors, Inc. (employer) and

the Uninsured Employer's Fund (Fund),[1] challenge the commission's finding that claimant was

not required to market his residual work capacity since he proved total incapacity.  Essentially,

employer and the Fund challenge the sufficiency of the evidence to prove total incapacity.  For

the reasons stated, we affirm the commission.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] While the Fund filed a brief as an appellee, it aligned itself and concurred with
appellant's position.  To the extent the Fund did not file a notice of appeal, it cannot be
considered an appellant.  See Rule 5A:11.

BACKGROUND

On August 18, 2007, claimant, age 58, suffered a work-related crushing injury to his right arm, fracturing the right humeral neck and right humeral head. Claimant was hospitalized for surgical repair of his injury, but he continued to have pain in his right shoulder. He was referred to the Veteran's Administration Medical Center's (VAMC) pain clinic. Claimant complained that his right hand was swollen, red, and clammy, an apparent reflux sympathetic dystrophy (RSD). While claimant progressed well from the surgery, the RSD caused a significant hindrance in his recovery.

Dr. Jeff Ericksen, a physician with the VAMC pain clinic, saw claimant initially on November 19, 2007. He diagnosed claimant with a complex regional pain syndrome (CRPS) of the right hand and shoulder and prescribed various medications. Claimant related his pain, in a scale of 0 to 10, 10 being "unbearable," as an 8. On December 28, 2007 and February 25, 2008, claimant underwent a stellate ganglion block for pain control. Relief was short lived.

In a January 28, 2008 letter, Dr. Ericksen reported claimant continued to receive care at the clinic and "is unable to work in his job that included lifting various weights and using his dominant right arm and hand for physical activities." The doctor concluded it is not possible to predict when claimant might be able to return to work.

In his response to a questionnaire dated February 25, 2008, Dr. Ericksen opined claimant was disabled from all gainful employment due to claimant's work-related injuries. Claimant has not been released to return to any type of work. Ericksen concluded due to claimant's pain condition, he was unable to use his right arm and was therefore unable to work.

A May 27, 2008 note by Dr. Lester, an anesthesiologist, indicated the failure of two stellate ganglion blocks to afford claimant any relief from pain. She noted claimant had a

decreased range of motion of his right shoulder and that claimant continued to take pain medications, including a drug that could increase the risk of falls.

In his note dated September 18, 2008, Dr. Patterson, an orthopedist, noted claimant was progressing well from the work-related injury and associated surgery, but stated, "It is unfortunate that he developed reflex sympathetic dystrophy." Patterson concluded claimant may increase his activities "to anything he can tolerate." He can do pushups and pull-ups, as long as his shoulder allows him to do so. Claimant testified he tried to perform these exercises, but was unable to do so.

Claimant continued to take pain medication. In an October 31, 2008 letter, Dr. Ericksen explained claimant asked him to write a letter noting his inability to work due to dominant arm CRPS.[2] In that letter, Ericksen noted claimant continued to treat at the VAMC pain clinic. He developed a significant pain condition and was undergoing chronic pain management for that condition. VAMC records indicated claimant continued to take pain medication. Ericksen concluded claimant was unable to work in his job that included lifting various weights and using his dominant right arm and hand for physical activities. Ericksen could not predict when claimant could return to work. It is this letter and its opinion that employer challenges.

Claimant testified he had been in sales management for various car dealerships since 1986. Several months before the work-related injury, claimant began working for employer as a general manager. The vast majority of claimant's employment involves paperwork. Employer's owner testified claimant has no physical responsibilities at work.

Claimant testified he performed minor vehicle maintenance, such as replacing batteries and replacing tires. He would test drive the vehicles, prepare paperwork to complete sales, and

---

[2] Dr. Ericksen did not examine claimant immediately before writing the letter.

arrange financing. Prior to closing the business after hours, claimant secured the premises, and moved vehicles to a more secured area. Claimant, along with his assistant, would paint, change oil, and move cars, as needed. His administrative duties included dealing with wholesalers and purchase and appraise vehicles. There was evidence, post-injury, that claimant engaged in physical activity that included driving, attending auto auctions, managing rental property, and, on one occasion, lifting a lawnmower.

As of the date of the hearing, claimant continued to be treated at the pain clinic every couple of weeks. He understood he is still not allowed to work. He testified he cannot do "very much" with his right arm. He is unable to change batteries or lift a car hood. Particularly of note is his inability to concentrate because of his pain level and pain medication. The pain is constant. At the time of the hearing, claimant was scheduled for a spinal cord stimulator procedure to reduce the level of pain medication.

He continues in physical therapy and regularly attends a gym to "help" his shoulder. When asked can he work, he answered in the negative, referring to a lack of concentration and fatigue caused by his medication. He has "a couple of hours in the morning and maybe a couple in the afternoon" that he can have a conversation, but the rest of the day, due to medication, "I'm either sleeping or just in a fog."

Claimant admitted he had not looked for a job since the injury.

In affirming the deputy commissioner's award of benefits, the full commission found Dr. Ericksen's October 31, 2008 letter persuasive and rejected employer's argument that Ericksen's opinion was based on "stale" medical records. The commission noted claimant's pain management treatment was continuing. The significant impact of his pain medications is continuing to be assessed. The commission noted there was no medical opinion releasing

claimant to any type of work, and concluded that claimant's limited physical activities, such as lifting a lawnmower or managing rental property, does not undermine Dr. Ericksen's opinion.

This appeal follows.

ANALYSIS

Employer and the Fund contend that since claimant failed to market his residual work capacity, he is barred from receiving compensation. In Virginia, an employee is only required to market his or her remaining work capacity if the employee is not totally disabled. A. G. Van Metre, Jr., Inc. v. Gandy, 7 Va. App. 207, 216, 372 S.E.2d 198, 203 (1988).

Employer thus argues the commission erred in finding claimant is temporarily totally disabled. This argument is premised on the fact that Dr. Ericksen's opinion letter of October 31, 2008 is not based on a contemporaneous medical examination. Its appeal challenges the sufficiency of the evidence to support the commission's finding of temporary total disability.

Additionally, the Fund contends that even if Ericksen's October 31, 2008 letter is to be believed, its conclusion only indicates claimant is partially disabled since the letter does not preclude claimant from performing any number of light duty tasks. The Fund concludes that even if claimant cannot perform his regular work at the dealership, he has the ability to do other work.

> "Under well recognized principles governing the standard of review on appeal, we must affirm the commission's judgment awarding [temporary total disability] if those findings are supported by credible evidence in the record, regardless of whether contrary evidence exists or contrary inferences may be drawn." Rusty's Welding Service, Inc. v. Gibson, 29 Va. App. 119, 131, 510 S.E.2d 255, 261 (1999) (*en banc*) (citing Code § 65.2-706(A)). "In determining whether credible evidence exists, [we do] not retry the facts, reweigh . . . the evidence, or make [our] own determination of the credibility of the witnesses." Wagner Enters, Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Moreover, "we must view the evidence in the light most favorable to [claimant] the party who prevailed before the commission" on

- 5 -

> this issue. K&K Repairs & Constr. v. Endicott, 47 Va. App. 1, 6, 622 S.E.2d 227, 229 (2005).

Virginia Natural Gas, Inc. v. Tennessee, 50 Va. App. 270, 278, 649 S.E.2d 206, 210-11 (2007).

"[A] party seeking [workers'] compensation bears the burden of proving his disability and the periods of that disability." Marshall Erdman & Assocs. v. Loehr, 24 Va. App. 670, 679, 485 S.E.2d 145, 149-50 (1997). Furthermore, "[t]here is no presumption in the law that once a disability has been established, a claimant will be assumed to remain disabled for an indefinite period of time." Id. at 679, 485 S.E.2d at 149. Whether claimant suffered a continuing disability is also a question of fact. Id.

We must give deference to any findings of fact made by the commission in awarding permanent partial disability if those findings are supported by credible evidence in the record, regardless of whether contrary evidence exists or contrary inferences may be drawn. See Code § 65.2-706(A); Gibson, 29 Va. App. at 129 n.2, 510 S.E.2d at 260 n.2.

Credible evidence supports the commission's finding of temporary total disability. Claimant, post-surgery, suffered from chronic pain and continued to be on pain medication that severely limited his cognitive functioning. Claimant testified he could not work because of fatigue caused by his pain, as well as his inability to concentrate due to the pain medications. Other than several hours in the day where he can function, he is either "sleeping or just in a fog." He further indicated he cannot do "very much" with his right arm. The commission may consider a claimant's testimony in conjunction with medical testimony in making factual findings. For instance, it may consider such evidence in determining causation. See Dollar General Store v. Cridlin, 22 Va. App. 171, 176, 468 S.E.2d 152, 154 (1996).

Additionally, Dr. Ericksen continually opined, in his letters of January 25, 2008, February 25, 2008, and October 31, 2008, claimant was disabled from gainful employment and could not predict when claimant would be released to work.

As of the date of the hearing, claimant was still being treated and under medication for chronic pain. He was scheduled for a spinal cord stimulator procedure to reduce the level of pain medication. Claimant testified he still was unable to work.

The commission properly rejected employer's argument Dr. Ericksen's October 31, 2008 letter was based on "stale" medical evidence. As noted above, claimant was still undergoing treatment at Ericksen's pain clinic.

The commission also properly rejected the Fund's argument that Dr. Ericksen's opinion did not preclude claimant from seeking other light employment. The Fund mischaracterized the letter and ignores claimant's testimony. Dr. Ericksen, in his October 31, 2008 letter, indicated claimant could not work in his job that included lifting and using his dominant right arm and hand for physical activities. We agree with the commission's conclusion in its review opinion:

> Finally, we disagree that the evidence preponderates that the claimant is capable of light duty work. There is no medical opinion releasing him to light duty work. The employer places too narrow a definition on Dr. Ericksen's phrase "using his dominant right hand and arm for physical activities," indicating that it only refers to lifting limitations. The medical record shows that attempts to use the right hand and right arm increase the claimant's pain, the condition Dr. Ericksen and the pain clinic seek to ameliorate.

Because claimant is totally, not partially, disabled he is not required to market his residual work capacity in order to receive temporary total disability benefits. For the reasons stated, we affirm the commission's findings.

<u>Affirmed.</u>