DUNRITE TRANSMISSION

AND

HARLEYSVILLE MUTUAL INSURANCE COMPANY

v.

RONALD R. SHEETZ

No. 2318-93-4

Decided July 12, 1994

COUNSEL

Susan A. Evans (Siciliano, Ellis, Dyer & Boccarosse, on brief), for appellant.

(Peter J. Jones, on brief), for appellee.

OPINION

DUFF, S.J.—On appeal, appellant contends that the Workers' Compensation Commission erred in holding that Dr. MacNay's lack of authorization was irrelevant to the question of the claimant's entitlement to the cost of proposed surgery, that the proposed surgical procedure was medically necessary, and in finding the employer responsible for the cost of the proposed surgical procedure beyond the time set forth in a settlement order previously entered. On cross-appeal, claimant/appellee asserts that Dr. MacNay was an authorized physician, and that the commission erred in finding that Dr. Rosemblat did not refer claimant to see Dr. MacNay. For the reasons stated below, we affirm the commission.

■ "On appellate review, the court will construe the evidence in the light most favorable to the party prevailing below." *Crisp v. Brown's Tysons Corner Dodge, Inc.*, 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).

Ronald Reagan Sheetz suffered a compensable injury to his back on June 29, 1988, while working for appellant/employer, Dunrite Transmission. As a result of this injury, three operations were performed on claimant's back, on August 9, 1988, January 10, 1989, and September 11, 1989, respectively.

On May 29, 1990, the commission approved a settlement agreement executed by the parties that provided the following:

That by way of full and final compromise of the claim by the employee, the employee has agreed to accept and the employer and insurer have agreed to pay the lump sum of $40,000.00 with medical payments to remain open for the period of three years from the date of approval of this compromise settlement.

From April 1991 until October 1992, appellant regularly visited a number of authorized physicians complaining of pain. In October 1992, Dr. Rosemblat opined that there was nothing more he could offer claimant, and, on claimant's request, he referred him to see Dr. MacNay. On January 8, 1993, Dr. MacNay recommended a fourth surgical procedure; however, the employer refused to approve this operation in light of conflicting medical opinions concerning further surgery.

On April 26, 1993, a hearing was held on claimant's application for medical coverage for the fourth operation under the terms of the settlement agreement. On May 6, 1993, Deputy Commissioner Phillips "conclude[d] that the employer is not responsible for surgery as recommended by Dr. Donald L. MacNay, M.D." The deputy held that "Dr. MacNay's treatment is unauthorized inasmuch as he is outside the chain of referral."

On October 18, 1993, the commission reversed the deputy, holding that because the settlement agreement did not limit the three years of " 'medical benefits' to services rendered by authorized physicians," it was irrelevant that Dr. MacNay was an unauthorized physician. The commission found that the carrier was not entitled to an expanded definition of the terms of the agreement that was prepared by the carrier's own attorney. Because Dr. MacNay opined that the fourth surgery was necessitated by the initial accident, and because there "is insufficient rebuttal" that claimant's present pain and injury was the result of post-accident exacerbations, the commission held that claimant's present condition was caused by the initial industrial accident. "Upon the conflicting medical evidence in this case, [the commission found] that the surgery recommended by Dr. MacNay is reasonable and necessary under the circumstances." Also, because the employer refused or delayed approval of the requested treatment, the commission held as moot the employer's argument that the three-year period for medical benefits had expired.

■ The commission also held that the issue of Dr. MacNay's authorization was not material because the settlement agreement did not necessarily restrict the claimant to medical treatment by authorized physicians. We agree and also note that Code § 65.2-603 empowers the commission to authorize the treatment recommended if it is found to be reasonable, necessary, and related to the industrial accident. Furthermore, the record before us contains

office notes of Dr. Rosemblat dated October 28, 1992, that clearly refer claimant to Dr. MacNay.

We turn now to the more difficult issue of the three-year time limitation for medical treatment contained in the settlement agreement. On January 8, 1993, Dr. MacNay recommended the surgery to remove the remainder of the L4-5 disc and for additional fusion and opined that the surgery was necessitated by the initial industrial accident. This recommendation was made approximately four and one-half months prior to the expiration of the three-year limitation. The carrier refused to authorize the surgery, and the claimant filed an application for hearing on February 24, 1993. The application was filed more than three months prior to the limitation date of May 29, 1993. The legal issues in the application were not resolved by the latter date, and the commission found that the delay was because the employer and carrier refused to approve the requested medical treatment.

The record before us presents a classic case of conflicting medical evidence as to the need for the surgery. Dr. Rosemblat and Dr. Stephen M. Levin recommended against surgery; Dr. MacNay, and earlier Dr. Bucur, recommended the surgery. The commission found the latter opinions more persuasive and held that the surgery was reasonable and necessary under the circumstances. Applying familiar principles of appellate review, we will not reverse a factual finding where credible evidence exists in support thereof.

■ The employer argues, however, that the issue of surgery is moot because the three-year limitation has passed. Under the facts presented by this record, such argument is untenable. We find no bad faith on the part of employer in contesting the need for surgery; however, the fact remains that such contest prevented the resolution of the issue until after the limitation date. We agree with the commission's holding that "the employer cannot delay medical treatment until the time limitation . . . has expired and then contend that the time for such treatment has passed."

In this case, the record contains credible evidence that the surgery was necessary, reasonable, and was necessitated by the industrial accident. Furthermore, no evidence was presented that claimant had delayed having the surgery until the approach of the limitation date. Under these circumstances, we hold that upon the filing of the application for hearing on February 24, 1993, the

running of the three-year limitation was tolled, and the commission did not err in ordering the employer and carrier to provide the medically necessary treatment recommended.

Accordingly, the order appealed from is affirmed.

*Affirmed.*

Moon, C.J., and Elder, J., concurred.