Present: Hassell, C.J., Lacy, Keenan, Kinser, Lemons, and Agee, JJ., and Carrico, S.J.

CECILIA ANN WRIGHT

v.  Record No. 030181      OPINION BY JUSTICE ELIZABETH B. LACY
                                        January 16, 2004
TROY D. ECKHARDT

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
A. Joseph Canada, Judge

In this appeal, we consider whether the doctrine of res judicata bars giving full faith and credit to a judgment of the Texas Court of Appeals.

The relevant facts are undisputed. Cecilia Ann Wright and Troy D. Eckhardt were divorced in 1993. Pursuant to the divorce decree entered by the District Court of Nueces County, Texas, Wright was awarded a portion of Eckhardt's military retirement benefits when he retired. In 1998, after Eckhardt retired from active military service, Wright obtained a clarifying order from the Texas court establishing the formula for computing her share of Eckhardt's pension. Later that same year, Wright came to Virginia, where Eckhardt resided, and filed suit in the City of Virginia Beach General District Court seeking a judgment against Eckhardt for unpaid amounts due under the Texas decree. The general district court entered judgment in favor of Wright for $3,331.44.

Eckhardt appealed the decision to the Circuit Court of the City of Virginia Beach. Prior to a hearing on his appeal,

Eckhardt obtained a second clarifying order from the Texas court. In that order, issued June 3, 1999, the Texas court concluded that Wright was not entitled to payments based on Eckhardt's military retirement because Eckhardt was still a member of the Fleet Reserve and therefore not retired. At the August 24, 1999 hearing of Eckhardt's de novo appeal from the general district court, the Circuit Court of the City of Virginia Beach entered judgment in favor of Eckhardt based on the second clarifying order of the Texas court.

Wright did not appeal the August 24, 1999 order of the Circuit Court of the City of Virginia Beach but did appeal the June 3, 1999 second clarifying order of the Texas court to the Texas Court of Appeals.* The Texas Court of Appeals entered judgment on November 9, 2000 reversing the second clarifying order and holding that Wright was entitled to payments based on Eckhardt's military retirement.

In November 2001, Wright filed the instant action in the Circuit Court of the City of Virginia Beach seeking $9,325.28 plus interest and attorney's fees based on the November 2000 judgment of the Texas Court of Appeals. The trial court dismissed Wright's action, holding that the doctrine of res

---

* Apparently, at the August 24, 1999 hearing the trial court did not inquire whether the June 1993 order was a final order, and neither Eckhardt nor Wright, who appeared pro se

2

judicata as applied in Kessler v. Fauquier National Bank, 195 Va. 1095, 81 S.E.2d 440 (1954), precluded Wright's action based on the Texas Court of Appeals' November 2000 order. We awarded Wright an appeal.

DISCUSSION

Eckhardt asserts here as he did in the trial court that the doctrines of res judicata and collateral estoppel preclude Wright from pursuing an action based on the November 2000 order of the Texas Court of Appeals. We disagree.

The doctrine of res judicata precludes parties from relitigating a cause of action when a valid final judgment has been entered on the matter; a factual issue actually litigated and essential to a final judgment may not be relitigated in a subsequent proceeding under the doctrine of collateral estoppel. Scales v. Lewis, 261 Va. 379, 382, 541 S.E.2d 899, 901 (2001). The party seeking to apply either doctrine has the burden of establishing that the claim or issue is precluded by the prior judgment. Id.

Eckhardt asserts that the issue resolved in the August 24, 1999 order of the Circuit Court of the City of Virginia Beach is the same issue that Wright is asserting in the instant case. According to Eckhardt, the issue in both cases

_____

via telephone, volunteered any information about an appeal of the Texas order.

3

was whether the retirement payments should be paid to Wright. However, the Virginia courts were never asked to determine whether Wright was entitled to retirement payments; the issue in each Virginia case was whether a judgment of a foreign jurisdiction should be given full faith and credit by a Virginia court.

When considering questions of full faith and credit, the Virginia court is not concerned with whether the foreign judgment is legally correct. The Virginia court's inquiry focuses on whether the foreign court had jurisdiction to enter the judgment. Bloodworth v. Ellis, 221 Va. 18, 21-22, 267 S.E.2d 96, 98 (1980). The jurisdiction of the Texas courts to enter the various orders was not challenged in either Virginia proceeding. The issue resolved by the August 1999 order of the Virginia court was whether full faith and credit should be given to the second clarifying order of the Texas trial court. The issue in the instant case is whether full faith and credit should be given to the November 2000 judgment of the Texas Court of Appeals. In the absence of an identity of claims or issues, the defenses of res judicata and collateral estoppel fail.

Finally, Kessler does not require a different result. That case involved a claim by Oliver Kessler that he was the surviving spouse of Rose Kessler and entitled to participate

4

in the distribution of her estate, even though Rose Kessler had obtained a divorce from him in Florida. In his first suit, Kessler maintained that the Florida court did not have jurisdiction to enter the divorce decree. After considering evidence on the issue of jurisdiction, the Virginia trial court held that the Florida court did have jurisdiction to enter the divorce decree, and therefore Kessler was not Rose Kessler's surviving spouse and not entitled to take from the proceeds of her estate. Kessler, 195 Va. at 1098-99, 81 S.E.2d at 442.

Following that decision, Kessler instituted a suit in Florida in which the Florida court declared the divorce decree void for lack of jurisdiction. Kessler then filed a second suit in Virginia, asking that the Virginia court give full faith and credit to the Florida decree holding that the divorce decree was void and allow him to participate in the distribution of his wife's estate. The Virginia court declined to do so. Id. at 1100-01, 81 S.E.2d at 442-43.

In affirming the trial court, we pointed out that, in the first proceeding, the Virginia court was entitled to and did address whether the Florida court had jurisdiction to enter the divorce decree. Thus, the substantive issue of jurisdiction was litigated and resolved by the Virginia court. In his second Virginia proceeding, Kessler sought full faith

5

and credit for a Florida decree that addressed the same substantive issue already decided by the Virginia court: whether the Florida court had jurisdiction to enter the divorce decree.  Concluding that consideration of full faith and credit included applying the doctrine of res judicata to matters of jurisdiction, we held that Kessler's second action was barred because the Virginia court had decided the issue of jurisdiction in the prior proceeding.  Id. at 1101-02, 81 S.E.2d at 443.

Unlike Kessler, in the present litigation the issue of jurisdiction has not been raised or addressed in either the Virginia or Texas proceedings, and the order of the Virginia court in the first proceeding did not resolve any issue subsequently addressed by the Texas Court of Appeals.  The factual differences between Kessler and the instant case make the decision in that case inapplicable here.

Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings.

Reversed and remanded.