COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, McClanahan and Senior Judge Coleman
Argued at Richmond, Virginia


SPRINT CORPORATION AND
  AMERICAN CASUALTY COMPANY

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 1353-05-2                      JUDGE SAM W. COLEMAN III
                                                         APRIL 4, 2006
JENNIFER BROOKS


               FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             Melissa Lin Klemens (Ward & Klein, Chartered, on briefs), for
             appellants.

             Sean P. Kavanagh (Jenkins, Block & Associates, P.C., on brief),
             for appellee.


        This is an appeal from an award by the Workers' Compensation Commission in which

the commission granted the employee, Jennifer Brooks, permission to return to and resume

treatment from her treating physician.  The employer, Sprint Corporation, asserts that the claim

for resumption of medical benefits should have been barred by the principle of *res judicata* in

that the commission, in an award the month before, had denied Brooks' change-in-condition

application for failing to prove a causal relationship between the compensable accident and the

claim for temporary total disability benefits.  The employer also contends that Brooks failed to

carry her burden of proof that further medical treatment by the treating physician was caused or

necessitated by the compensable accident.  For the reasons that follow, we affirm the

commission's award.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

For years prior to her compensable accident, Jennifer Brooks suffered from chronic, painful, and recurring conditions in her right foot and ankle, variously described as Haglund's deformity with bursitis and tendonitis and a pinched nerve in her ankle. In 1999, in 2000, and again in August of 2002, she underwent surgery in order to give her relief from the painful recurring conditions. Following the last surgery, she wore a brace on her right foot and continued to experience pain and swelling in the ankle. Throughout that time she worked a mostly sedentary clerical position for Sprint at its inbound call center.

In December of 2002 Brooks was "bumped" by a co-worker at work. The commission found the incident to be a compensable accident that aggravated and exacerbated Brooks' preexisting condition. Based on this finding, the commission held she was entitled to temporary total disability benefits pursuant to Code § 65.2-500 for the period from April 4, 2003 until May 15, 2003, primarily for the days that she was unable to drive to and from work due to her painful condition and further surgery on April 15, 2003. Pursuant to Code § 65.2-603 she was also entitled to medical benefits for "[a]s long as necessary."

In December of 2003, Brooks began treatment with Dr. Timothy Zimmer, who was accepted as her treating physician. Dr. Zimmer found swelling and pain in Brooks' right foot and recommended another surgery, which he scheduled for February of 2004. Because Dr. Zimmer had recommended that Brooks have further surgery, she filed a change-in-condition application seeking temporary total compensation benefits for the time following the scheduled surgery in February until such time that she would be able to return to work. The employer's carrier, however, canceled the surgery, and at her employer's request, Brooks underwent an independent medical examination. The examining doctor opined that Brooks' right foot complaints were the result of a degenerative process and not the result of the December 23, 2002

injury.  He believed the injury was minor and that she did not need further medical treatment.

The commission denied Brooks' claim for temporary total disability benefits, holding that the

medical evidence failed to preponderate in a finding that any causal relationship existed between

the compensable accident and the claim for temporary total disability benefits from February of

2004.

Following the commission's denial of Brooks' change-in-condition application for

temporary total compensation benefits, the employer refused to pay for further medical treatment

and travel expenses.  The employer justified withholding these payments because the

commission had held that Brooks' claim of continued disability was not causally related to the

compensable accident.  After the employer refused to pay Brooks' medical expenses, she filed an

application requesting that the commission permit her to resume medical treatment from

Dr. Zimmer.  In support of her application, Brooks submitted the same medical report from

Dr. Zimmer filed in support of her change-in-condition application for reinstatement of

compensation benefits.  She also submitted an additional report from Dr. Zimmer which stated:

> Mrs. Brooks did have elective surgery on her right heel, which
> successfully eliminated her discomfort, however, after injuries that
> she sustained at work on 12-23-02, the heel became painful once
> again, and it appears as though the surgery needs to be done again.
> Given her pain free interval, I would have to conclude that her
> injury resulted in her recurrent pain.

Dr. Zimmer's report was not based upon a recent examination conducted subsequent to the

report he filed in support of Brooks' application for temporary total disability benefits.  Instead,

the report was a clarification of his earlier diagnosis that he submitted to support Brooks' earlier

application for temporary total disability benefits.

The employer defended on the grounds that the commission's denial of the first

application, which was for compensation benefits, was based on the failure of the medical

evidence to prove a causal relationship between Brooks' condition and any disability to work,

and therefore, because the exact same medical evidence was being relied upon to prove a causal relationship between Brooks' compensable accident and her need for ongoing medical treatment, the issue had been previously litigated and her claim was barred by the principle of *res judicata*. The commission ruled that the claim was not barred by the prior ruling and held that the evidence was sufficient to support the claim for continued medical treatment.

ANALYSIS

Res Judicata[1]

"The doctrine of *res judicata* precludes parties from relitigating a cause of action when a valid final judgment has been entered on the matter." Wright v. Eckhardt, 267 Va. 24, 26, 591 S.E.2d 668, 670 (2004). Furthermore, the party seeking to apply a *res judicata* bar has the burden of proving that the claim or bar is precluded by the prior holding. Id. at 26-27, 591 S.E.2d at 670. The *res judicata* doctrine has four requirements: "'(1) identity of the remedies sought; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made.'" Smith v. Ware, 244 Va. 374, 376, 421 S.E.2d 444, 445 (1992) (quoting Wright v. Castles, 232 Va. 218, 222, 349 S.E.2d 125, 128 (1986)).

As for the employer's *res judicata* claim, "[a] final judgment based on a determination by the commission on the issue of causation conclusively resolves the claim as to that particular injury. Thereafter, absent fraud or mistake, the doctrine of *res judicata* bars further litigation of that claim." AMP, Inc. v. Ruebush, 10 Va. App. 270, 274, 391 S.E.2d 879, 881 (1990). Ruebush, though, does not preclude a new application for medical benefits when the application involves a period of time not considered in the course of a previous hearing, or for the causal relationship between a claim for disability benefits and the need for medical benefits. A claim

---

[1] The doctrine of collateral estoppel is not before the Court in this appeal.

for temporary total disability benefits and a claim for continued medical benefits seek two separate and distinct remedies. Code § 65.2-603(A)(1) provides:

> *As long as necessary after an accident, the employer shall furnish or cause to be furnished, free of charge to the injured employee,* a physician chosen by the injured employee from a panel of at least three physicians selected by the employer and *such other necessary medical attention.*

(Emphasis added.)

Although an employer is only responsible for medical treatment necessitated by a compensable accident, McGregor v. Crystal Food Corp., 1 Va. App. 507, 509, 339 S.E.2d 917, 919 (1986), for an injured employee to be entitled to medical benefits he or she need not be disabled or entitled to compensation benefits under Code §§ 65.2-500 through 65.2-531. Claims for compensation disability benefits under Code §§ 65.2-500 through 65.2-531 are for a distinct and separate remedy—monetary benefits in lieu of wages for being unable to work due to the industrial accident. Thus, under *res judicata* analysis, there is no identity of remedies between the two claims.

Additionally, the two applications involved two separate time periods. The first denied claim was for compensation benefits from December of 2003 until "the present and continuing," based on Dr. Zimmer's recommendations for surgery and to work only three days per week. The second claim, which is now before us, was for medical treatment, not only a distinct and separate remedy, but for a separate period of time, July 19, 2004, and forward. Thus, there was no identity of the periods of time at issue in the two applications.

Sufficiency

Code § 65.2-603 requires the employer to provide medical benefits "[a]s long as necessary after an accident . . . ." The statute "empowers the commission to authorize the treatment recommended if it is found to be reasonable, necessary, and related to the industrial

accident." Dunrite Transmission v. Sheetz, 18 Va. App. 647, 649, 446 S.E.2d 473, 474 (1994). This holds true regardless of whether the employee is receiving compensation benefits. "A determination by the Commission upon conflicting facts as to causal relationship is conclusive and binding on appeal, absent fraud, when such finding is supported by competent, credible evidence." Watkins v. Halco Eng'g, Inc., 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983). On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Having determined that *res judicata* did not bar the commission from considering Brooks' application for ongoing medical treatment, our sufficiency review requires that we determine whether credible evidence exists in the record to support the commission's finding that Brooks' need for continued medical treatment was causally related to the accident. Not only was the commission at liberty to consider Dr. Zimmer's earlier report as to whether continued medical treatment was causally related to the compensable accident, the commission also had Dr. Zimmer's second report clarifying his earlier report. The latter report, although not based upon a further examination, clarified Dr. Zimmer's earlier report by more directly addressing the causal relationship issue. In finding that claimant proved her need for ongoing medical treatment was causally related to her injury by accident, the commission found as follows:

> We also agree with the deputy commissioner's reliance on Dr. Zimmer's July 19, [2004] letter, in finding a causal connection between the claimant's current condition and her compensable injury. Dr. Zimmer wrote:
>
> > Mrs. Brooks did have elective surgery on right heel, which successfully eliminated her discomfort, however, after injuries that she sustained at work on 12-23-02, the heel became painful once again, and it appears as though the surgery needs to be done again. Given her pain free interval, I would have to conclude that her injury resulted in her recurrent pain.

As the deputy commissioner explained to the parties during the hearing, he based his earlier denial of benefits on the fact that Dr. Van Manen's IME report was the only direct statement of causation in the record at that time. For her current application, the claimaint did seek a direct opinion from Dr. Zimmer as to whether her ongoing symptoms were causally related to the accident, and Dr. Zimmer's opinion in that regard is persuasive and consistent with his medical records.

Dr. Zimmer's letter is credible evidence to support the commission's finding that Brooks' symptoms for which he was treating her are causally related to the compensable accident. For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>