UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Alston and Decker
Argued at Richmond, Virginia

TARGET CORPORATION AND
  SEDGWICK CLAIMS MANAGEMENT

MEMORANDUM OPINION[*] BY
v.      Record No. 2289-13-2          JUDGE ROBERT J. HUMPHREYS
                                                    AUGUST 12, 2014

AMIRA A. HUSSEIN


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Tenley Carroll Seli (Billy & Seli, P.C., on brief), for appellant.

No brief or argument for appellee.


Target Corporation and its insurance carrier, Sedgwick Claims Management

("appellants"), appeal the Workers' Compensation Commission opinion dated November 1,

2013, finding that appellants remain responsible for the cost of Amira A. Hussein's ("Hussein")

medical treatment for the right hand contusion and neck strain related to her July 28, 2008 work

injury.  For the following reasons, we affirm the commission's November 1, 2013 opinion.[1]

I.  ANALYSIS

Appellants first argue that the commission erred "in awarding [Hussein] additional

medical benefits for her right hand and neck because [the commission] lacked jurisdiction under

the Act to enter an award due to the limited medical [a]ward entered by the [d]eputy

[c]ommissioner on August 4, 2010."

-----

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] As the parties are familiar with the record below, and this is an unpublished memorandum opinion that has no precedential value, we cite only those facts necessary to the disposition of this appeal.

On March 11, 2009, Hussein filed a claim for benefits for a July 28, 2008 work accident; she claimed lifetime medical benefits for this injury. The deputy commissioner entered an award of medical benefits on August 4, 2010 for the right hand contusion and neck strain from July 28, 2008 through October 19, 2008. The deputy commissioner noted that on October 19, 2008, Hussein reported to her treating physician "very good resolution" of her problems resulting from the injury. Appellants argue that inherent in entering this "limited award" of medical coverage was a factual finding that Hussein's right hand contusion and neck strain sustained in the July 28, 2008 accident had been resolved as of October 19, 2008. Appellants contend that these implicit factual findings were affirmed by the commission in its January 24, 2011 opinion and are binding pursuant to Code § 65.2-706 ("The award of the Commission . . . shall be conclusive and binding as to all questions of fact.").

Appellants' position is consistent with the deputy commissioner's April 26, 2013 opinion holding that "[t]he prior determination that the claimant was entitled to an award of medical benefits for treatment she received through October 19, 2008, for the minor injuries she experienced on July 28, 2008, including a contusion of her right hand and neck strain, is now final." To the contrary, the full commission found in its November 1, 2013 opinion that the deputy commissioner awarded medical benefits only through October 19, 2008 for the right hand and neck strain because of "'very good resolution' of those problems *at the time*. Nonetheless, the defendants remain responsible for the cost of treatment for those conditions if they flare-up, and if the claimant establishes the requisite causal relationship." (Emphasis added).

"[C]ourts have the authority to interpret their own orders," and "when construing a lower court's order, a reviewing court should give deference to the interpretation adopted by the lower court." Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129, 510 S.E.2d 255, 260 (1999) (en banc). "[T]hese principles apply when interpreting the adjudicative orders of an

administrative agency." Id. In Gibson, the deputy commissioner denied the claimant's application requesting permanent partial disability (PPD) benefits for his left leg. Id. at 126, 510 S.E.2d at 258. A month after the deputy commissioner issued his opinion, claimant filed again seeking PPD benefits for his left leg, this time with an additional opinion from the doctor explaining claimant's forty percent leg impairment and that he had reached maximum medical improvement. Id. at 127, 510 S.E.2d at 259. The deputy commissioner awarded claimant PPD benefits for the loss of use of his left leg. The commission acknowledged that the issue addressed in the deputy commissioner's first opinion was identical to the issue addressed in his second opinion issued three months later. However, the commission found that the issue had not been determined with finality, as the deputy commissioner stated in the first opinion that the PPD benefits were denied "at this time." Id. The commission interpreted the first opinion of the deputy commissioner to have left the issue of PPD benefits unresolved for future determination. Id.

The employer in Gibson argued that the award of PPD benefits on claimant's second claim was barred by the doctrine of *res judicata*. Id. This Court found that *res judicata* does not apply to bar a claimant's claim if the hearing remained open for further evidence. Id. at 128, 510 S.E.2d at 259. The commission determined that the issue of PPD benefits was not final and was open for further evidence. Id. We held that the commission was entitled to interpret its own orders in determining the import of its decisions, and that the commission's exercise of its discretion with respect to the issue was "reasonable and not arbitrary and capricious." Id. at 130, 510 S.E.2d at 261.

Here, on August 4, 2010 the deputy commissioner awarded medical benefits for the hand and neck strain only through October 19, 2008 based on Hussein's report of "very good resolution" of the problems to her doctor on that date. The deputy commissioner did not state

- 3 -

that Hussein was not entitled to any further benefits for those injuries. On January 24, 2011, the full commission affirmed the "results reached" by the deputy commissioner's opinion. While the deputy commissioner later interpreted the previous medical benefits award to be final, the commission interpreted the award as not final. On November 1, 2013, the commission found that the award was based on very good resolution of those problems "at the time," and that appellants remain statutorily responsible for the treatment costs of those conditions "if they flare up, and if the claimant establishes the requisite causal relationship." The commission's interpretation of the award it previously affirmed was not arbitrary and capricious, as nothing in the August 4, 2010 or January 24, 2011 opinions stated that the award of medical benefits was final in the sense that Hussein could not recover costs for future necessary medical treatment for the right hand and neck strain.

Moreover, we find that the commission's opinion allowing for future medical benefits is consistent with the Workers' Compensation Act, Code § 65.2-603(A)(1), which provides that, "*As long as necessary* after an accident, the employer shall furnish or cause to be furnished, free of charge to the injured employee, a physician . . . and such other necessary medical attention." (Emphasis added). Once the fact of a compensable injury has been established, "an injured employee is automatically entitled to receive medical benefits" from the employer. Woodson, 45 Va. App. at 678, 613 S.E.2d at 483. This statutory duty of the employer to compensate the employee for medical expenses causally related to the injury is mandatory. Id. The statute "empowers the commission to authorize the treatment recommended if it is found to be reasonable, necessary, and related to the industrial accident." Dunrite Transmission v. Sheetz, 18 Va. App. 647, 649, 446 S.E.2d 473, 474 (1994).

Secondly, appellants argue that the commission erred in awarding Hussein medical benefits for her right hand and neck because the commission lacked jurisdiction pursuant to Code

§ 65.2-601 to enter an award since Hussein filed for medical benefits beyond the scope of the original award more than two years after the date of the accident. Code § 65.2-601 provides that "[t]he right to compensation under this title shall be forever barred, unless a claim be filed with the Commission within two years after the accident."

Although we defer to the commission in its role as fact finder, we review questions of law *de novo*. Gibson, 29 Va. App. at 127, 510 S.E.2d at 259.

Here, Hussein was injured on July 28, 2008. She timely filed her first claim for benefits. The deputy commissioner found that Hussein's claim, excluding her carpal tunnel syndrome, was a compensable work injury. In Hussein's second claim for medical benefits, filed on May 18, 2012, she claimed the same date of injury and the same injured body parts, and she submitted medical records documenting treatment she received *after* the original award of medical benefits. While the deputy commissioner only awarded medical benefits for treatment through October 19, 2008 in its original award, the commission reasonably interpreted that the original award was not final and remained open, as addressed *supra*. Appellants remain responsible for medical treatment for these injuries so long as Hussein can establish that the treatment is necessary and related to the July 28, 2008 injury, according to Code § 65.2-603(A)(1). Hussein's May 18, 2012 claim was not a new claim, but only a claim for compensation for medical bills incurred as a result of a compensable work injury for which an original claim for benefits was timely filed within the two-year statute of limitations. We find that the statute of limitations provided in Code § 65.2-601 does not bar compensation for Hussein's medical bills incurred and claimed after the original award and more than two years after the accident.

Next, appellants argue that Hussein's May 18, 2012 Claim for Benefits is barred by the doctrine of *res judicata*.

"The determination of *res judicata* is a question of law and is reviewed *de novo*." Pruden v. Plasser Am. Corp., 45 Va. App. 566, 573, 612 S.E.2d 738, 742 (2005). "A judicially-created doctrine, *res judicata* rests upon considerations of public policy which favor certainty in the establishment of legal relations, demand an end to litigation, and seek to prevent the harassment of parties." Bates v. Devers, 214 Va. 667, 670, 202 S.E.2d 917, 920 (1974) (internal citation omitted). *Res judicata* encompasses four preclusive effects, including "bar" and "collateral estoppel." Id. "*Res judicata*-bar, is the particular preclusive effect commonly meant by use of the term '*res judicata*.' A valid, personal judgment on the merits in favor of defendant bars relitigation of the same cause of action, or any part thereof which could have been litigated, between the same parties and their privies." Id. at 670-71, 202 S.E.2d at 920-21. "Collateral estoppel is the preclusive effect impacting in a subsequent action," in which "the parties to the first action and their privies are precluded from litigating any issue of fact actually litigated and essential to a valid and final personal judgment in the first action." Id. at 671, 202 S.E.2d at 921.

Appellants contend that the May 18, 2012 claim for benefits is barred by the doctrine of *res judicata*. Appellants assert that the May 18, 2012 claim involves the same parties and alleges the same date of accident, the same mechanism of injury, substantially similar injuries, and seeks payment of medical treatment provided by Dr. Azer. Appellants assert that the commission "has already addressed these issues in the Opinion of August 4, 2010, which constitutes a valid, personal judgment as a matter of law." Appellants also argue that the deputy commissioner already determined in the August 4, 2010 opinion that Hussein's symptoms after October 19, 2008 were not caused by the work accident and, thus, the May 18, 2012 claim is barred by collateral estoppel as well.

Contrary to appellants' representations, the August 4, 2010 award for medical benefits does not expressly or implicitly forbid medical benefits for the right hand and neck strain *after*

October 19, 2008. On Hussein's initial claim for benefits, the deputy commissioner only considered medical bills incurred from July 28, 2008 through July 12, 2010 when he issued the August 4, 2010 opinion. In support of her May 18, 2012 claim for benefits Hussein submitted medical bills incurred on and after February 13, 2012. Thus, the deputy commissioner had not considered whether the treatment beginning in February 2012 was causally related to the compensable work injury of July 28, 2008.

Moreover, we will not construe the judicial doctrine of *res judicata* in such a manner to frustrate or limit the statutory requirement and its stated public policy that an employer remains financially responsible for any necessary medical treatment for a work-related injury. As stated above, the commission reasonably interpreted that Hussein's claim remains open in accordance with Code § 65.2-603(A)(1), which provides that employers shall pay medical benefits to injured employees for "as long as necessary after the accident." Since Hussein's claim remains open for further evidence, *res judicata* does not apply to bar her claim. Gibson, 29 Va. at 128, 510 S.E.2d at 259.

Appellants' fourth assignment of error is that the commission erred "by failing to review and consider the evidence and the specific findings regarding that evidence made by both the [d]eputy [c]ommissioner and the [c]ommission in the prior proceedings on this claim."

Appellants contend that the commission ignored the earlier factual findings of the deputy commissioner in its August 4, 2010 opinion and later affirmed by the commission in its January 24, 2011 opinion. The factual findings allegedly ignored are that Hussein experienced "relatively minor injuries including a contusion of her right hand and a neck strain"; that Hussein was not a credible witness and little weight was given to her testimony that she had no pre-existing history of right hand and wrist problems and that she had significant problems after the July 28, 2008 injury; and that the various periods of disability authorized by Dr. Azer were

based on incomplete and/or erroneous histories provided by Hussein. Appellants add that because of the "very good resolution" of Hussein's problems, the deputy commissioner "elected not to enter a lifetime award of medical benefits, but rather entered a limited [a]ward of medical benefits for the right hand contusion and neck strain from July 28, 2008 through October 19, 2008." Appellants assert that the credibility findings and the dates of the specific medical award are binding on the commission, citing Code § 65.2-706(A).[2]

Appellants again proceed as if the deputy commissioner found on August 4, 2010 that medical benefits beyond October 19, 2008 were barred or no longer necessary. The deputy commissioner did not express such a finding in its August 4, 2010 opinion. We note that a finding of "very good resolution" of Hussein's problems does not provide finality of the award or equate to a statement that no further treatment of any kind is necessary. As stated *supra*, the commission's interpretation in its November 1, 2013 opinion that the August 4, 2010 award was not final and did not preclude further claims for medical benefits is a reasonable interpretation, especially in light of Code § 65.2-603.

Appellants' final assignment of error is that the commission's November 1, 2013 opinion violated their "due process rights by reversing the [d]eputy [c]ommissioner's April 26, 2013 [o]pinion without providing them the opportunity to present their other defenses and evidence in support of those defenses."

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. [Citations omitted.] The notice must be of such nature as reasonably to convey the required information, . . . and it must afford a reasonable time for those interested to make their appearance, . . . But if with due regard for the practicalities

---

[2] Code § 65.2-706(A) provides that "[t]he award of the Commission, as provided in § 65.2-704, if not reviewed in due time, or an award of the Commission upon such review, as provided in § 65.2-705, shall be conclusive and binding as to all questions of fact."

> and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied.

Oak Hill Nursing Home, Inc. v. Back, 221 Va. 411, 417, 270 S.E.2d 723, 726 (1980) (quoting Mullane v. Cent. Hanover Tr. Co., 339 U.S. 306, 314-15 (1950)).

Code § 65.2-704 provides, "The Commission or any of its members or deputies shall hear the parties at issue, their representatives, and witnesses; shall decide the issues in a summary manner; and shall make an award or opinion carrying out the decision." Virginia Workers' Compensation Rule 2 provides that "contested issues not resolved informally through prehearing procedures will be referred for decision on the record or evidentiary hearing." Virginia Workers' Compensation Rule 2.1 provides, "When it appears that there is no material fact in dispute as to any contested issue, determination will proceed on the record. After each party has been given the opportunity to file a written statement of the evidence supporting a claim or defense, the Commission shall enter a decision on the record."

Upon Hussein's filing for medical benefits on May 18, 2012, the matter was set for a hearing on April 17, 2013. When the matter was called for hearing on that date, the parties requested an on-the-record determination based on submitted medical records, designations, and other exhibits. Each party submitted exhibits and appellants submitted their statement of fourteen defenses on April 16, 2013, as noted in the deputy commissioner's April 26, 2013 opinion. On May 24, 2013, the commission notified appellants that Hussein filed a request for review of the deputy commissioner's April 26, 2013 opinion denying further medical benefits. The notice stated that unless the case was selected for oral argument the commission's review would be "based on the record and any written statements that are timely filed." Appellants filed a brief and eleven exhibits in response. Upon the commission's opinion affirming in part and reversing in part, the appellants filed a motion to reconsider. The commission held that the motion was denied "after careful consideration."

Appellants argue that they were denied due process because the commission failed to address all of the defenses they asserted in addition to their *res judicata* defense. Alternatively, they assert that if the commission was correct in finding that Hussein's May 18, 2012 claim for medical benefits is not barred by *res judicata*, they were denied due process by the commission's failure to remand the claim to the deputy commissioner for a determination on the remainder of their defenses. Appellants cite no law that a court or commission must address all of the defenses asserted in a matter in order to comport with due process. The record establishes that appellants were afforded due process because they were apprised of the pendency of the action and they were afforded an opportunity to present their objections. We find that appellants' argument that they were denied due process is without merit.

## II. CONCLUSION

For the foregoing reasons, we find that the commission did not err in awarding Hussein additional medical benefits for her right hand and neck and we affirm the commission's November 1, 2013 opinion.

<u>Affirmed.</u>