COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Huff, Judges Alston and AtLee
Argued at Richmond, Virginia

DANNY LEE GRIZZARD

                                                            MEMORANDUM OPINION* BY
v.        Record No. 0986-17-3                         JUDGE RICHARD Y. ATLEE, JR.
                                                                  MARCH 13, 2018

SONNY'S AUTOMOTIVE RACING, INC. AND
  SENTRY INSURANCE A MUTUAL COMPANY

              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Monica Taylor Monday (Matthew W. Broughton; Andrew
              Finnicum; Robert E. Evans; Gentry Locke, on briefs), for
              appellant.

              Jesse Narron (Jonas A. Callis; K. Elizabeth Kendall; PennStuart,
              on brief), for appellees.


        Danny Lee Grizzard appeals a decision of the Commission holding that an existing award

order permitted Sonny's Automotive Racing, Inc. and its insurer, Sentry Insurance Company

(collectively, "employer"), to terminate attendant care benefits without seeking prior approval

from the Commission.  For the following reasons, we affirm.

                                        I. BACKGROUND

        On appeal of Commission decisions, "the evidence and all reasonable inferences that may

be drawn from that evidence are viewed in the light most favorable to the party prevailing

below."  UPS v. Prince, 63 Va. App. 702, 704, 762 S.E.2d 800, 801 (2014) (quoting Snyder v.

City of Richmond Police Dep't, 62 Va. App. 405, 408, 748 S.E.2d 650, 652 (2013)).  So viewed,

the evidence showed that in 2009, while working for Sonny's Automotive Racing, Grizzard

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

sustained a serious injury that resulted in "a naso-orbitoethmoid fracture, a left orbital rim fracture, a left orbital floor fracture, a traumatic optic injury left eye, a vitreous injury to the right eye and a nondepressed fracture to the forehead." These physical injuries left him mostly blind and with various neurological issues from traumatic brain injury.

Based on agreement between the parties, the Commission entered an order in 2009 awarding Grizzard temporary total disability benefits and medical benefits. In 2011, also with the parties' agreement, the Commission entered another stipulated order providing Grizzard with full-time "attendant care as provided by Section 65.2-603 of the Virginia Worker's Compensation Act until conditions justify a change in this care." At that time, the parties further stipulated that Grizzard's wife would provide that care and that employer would pay $1,680 a week to cover the value of her doing so.

In December 2015, employer requested an Independent Medical Examination ("IME") of Grizzard to determine if his condition still required full-time care. The examining doctor concluded Grizzard no longer required 24-hour attendant care. The IME noted that Grizzard's mood and cognition had improved since the last exam with the same physician in January 2013. In concluding that Grizzard at most needed companion care for driving and other tasks, the doctor noted that "most legally blind patients do not require continuous attendant care unless they have other disabilities such as paralysis," and that Grizzard stated he was able to navigate his property and immediate surroundings without assistance. Given this opinion, employer ceased paying attendant care benefits in January 2016.[1] Grizzard filed a motion for show cause, alleging that employer violated the 2011 order by ceasing payments for attendant care.

In January 2017, a deputy commissioner ruled that the language from the 2011 order required employer to seek approval from the Commission before ceasing to pay attendant care

[1] Employer continued to pay Grizzard's other benefits.

benefits, but denied Grizzard's requests for attorneys' fees and costs because employer had reasonable grounds for defending its actions. On review, the full Commission affirmed in part and reversed in part. It held that the language in the 2011 stipulated order did not require employer to seek prior approval from the Commission before discontinuing payment of attendant care benefits, and the deputy commissioner erred in so finding. It affirmed the deputy commissioner's ruling that neither party owed the other attorneys' fees or costs.

## II. ANALYSIS

Grizzard's first four assignments of error, and the core issue in this appeal, concern the Commission's ruling that the 2011 order's language, providing that payment for attendant care would continue "until conditions justify a change," permitted employer to discontinue those payments without first seeking the Commission's approval or agreement between the parties.[2]

---

[2] Grizzard's first four assignments of error state:

> 1. The . . . Commission erred in finding that the Employer did not need to seek the Commission's approval and/or file an application for hearing in order to terminate attendant care benefits required by, and paid pursuant to, the Commission's December 1, 2011, Stipulated Order.
>
> 2. The . . . Commission erred in finding that the language of the December 1, 2011, Stipulated Order – particularly the language "until conditions justify a change" – permitted the Employer to unilaterally discontinue paying the attendant care benefits required by that Stipulated Order.
>
> 3. The . . . Commission erred in finding that there was no provision under the Act to suspend or terminate a claimant's attendant care award order, and that the December 1, 2011, Stipulated Order did not impose an obligation upon the Employer that was different from any obligation under Virginia Code § 65.2-603.
>
> 4. The . . . Commission erred in denying [Grizzard]'s Motion for Reconsideration.

His fifth and sixth assignments of error concern the Commission's denial of his motion for attorneys' fees and costs.[3]

As the recipient of medical benefits (which, per the parties' agreement, includes attendant care benefits), Grizzard bears the burden to prove ongoing entitlement to those benefits. See Portsmouth (City of) Sch. Bd. v. Harris, 58 Va. App. 556, 563, 712 S.E.2d 23, 26 (2011), accord Code § 65.2-603. The parties agreed that employer would pay attendant care benefits "until conditions justify a change," and this language was memorialized in the Commission's 2011 stipulated order. The parties now disagree over whether this stipulation controls modification or termination of attendant care benefits.

Because the Commission incorporated this stipulation into the 2011 order, here, the Commission "was, in effect, construing the scope of its own order." Bajgain v. Bajgain, 64 Va. App. 439, 452-53, 769 S.E.2d 267, 273 (2015). Accordingly, "we 'give deference to the interpretation adopted by the [Commission]' of its own order." Id. at 453, 769 S.E.2d at 273 (quoting Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129, 510 S.E.2d 255, 260 (1999) (*en banc*)). The Commission's "interpretation, however, must be reasonable, and we will 'apply an abuse of discretion standard.'" Id. (quoting Roe v. Commonwealth, 271 Va. 453, 458, 628 S.E.2d 526, 528 (2006)).

---

[3] Grizzard argues that, because of its allegedly erroneous ruling, the Commission erred in finding that employer's defense was reasonable, and thus erred in denying Grizzard's request for an award of attorneys' fees and costs pursuant to Code § 65.2-713(A). He also argues the Commission "should have considered and addressed the deputy commissioner's discovery ruling concerning the carrier's claim file." As evident from this Court now affirming the Commission's opinion in favor of employer, the Commission did not err in finding that employer's defense was reasonable, and therefore, Grizzard was not entitled to attorneys' fees and costs. Furthermore, he fails to present any principles of law or authorities supporting his final assignment of error, and thus violates Rule 5A:20(e) (stating, in part, that "[t]he opening brief of appellant shall contain . . . [t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error"). For these reasons, we find no merit in Grizzard's fifth and sixth assignments of error.

The 2011 order states the conditions under which attendant care benefits may be modified or terminated: when "conditions justify a change." It does not specify *how* employer (or Grizzard, or the Commission, for that matter) could modify or terminate that benefit. Grizzard argues that the order is not ambiguous, but only "silent," on how attendant care benefits terminate. We agree that it is silent; however, because that silence makes it equally susceptible to multiple interpretations, it is ambiguous. See Eure v. Norfolk Shipbuilding & Drydock Corp., 263 Va. 624, 632, 561 S.E.2d 663, 668 (2002) ("[L]anguage is ambiguous when 'it may be understood in more than one way or when it refers to two or more things at the same time.'") (quoting Granite State Ins. Co. v. Bottoms, 243 Va. 228, 234, 415 S.E.2d 131, 134 (1992)).

We are sympathetic to Grizzard's position, given the gravity of his injuries and the risk of potential hardship that an unexpected reduction in payments can cause. Nevertheless, this ambiguity could have been avoided. He was party to this agreement and could have insisted upon more detailed language as to how these benefits may be terminated or modified. Such language is not unprecedented, and the need for it was foreseeable — parties in prior cases have included it. For example, in Virginia Polytechnic Institute v. Posada, 47 Va. App. 150, 622 S.E.2d 762 (2005), the parties' agreement, reflected in a Commission order, stated the payment of a medical benefit was "continuing until modified by agreement of the parties or Order of the Commission." Id. at 155, 622 S.E.2d at 765. By contrast, the stipulated order here stated only that employer would pay these benefits "until conditions justify a change in this care," with no requirement that any change be pursuant to the parties' agreement or Commission order. Absent this additional language, we cannot say that the Commission abused its discretion by interpreting

its own order to mean employer did not need to seek Commission approval before terminating those benefits.[4]

In arguing that employer was required to seek prior approval from the Commission, Grizzard emphasizes that Code § 65.2-700 states: "All questions arising under this title, if not settled by agreements of the parties interested therein with the approval of the Commission, shall be determined by the Commission, except as otherwise herein provided." Employer argues this Code section is inapplicable, first, because the Commission did not address it, and second, because other portions of the article ("otherwise herein provided") apply. Regardless of whether this issue is addressed by other portions of the article, this case is settled by the antecedent clause in Code § 65.2-700, because the question here *was* "settled by agreements of the parties . . . , with the approval of the Commission," notwithstanding the ambiguity that resulted from the agreement.

Finally, we need not address if a statutory mechanism exists by which employer could file an application with the Commission to terminate a medical benefit, such as attendant care (the issue raised in Grizzard's third assignment of error), as this case turns on the language in the parties' agreement, as reflected in the Commission's 2011 order.

---

[4] The Commission's ruling, and thus, this Court's review, is not concerned with litigating the factual question of whether Grizzard, in fact, still requires full-time attendant care. Rather, this appeal presents a procedural question: was the Commission's interpretation of "until conditions justify a change" in the 2011 order reasonable? As discussed, this Court concludes it was. Grizzard did not offer evidence or litigate the issue of whether he still required full-time attendant care. As employer noted at oral argument, Grizzard is entitled to file a new application for medical benefits such as attendant care, and it will be awarded if the Commission determines it is "reasonable, necessary, and related" to the compensable accident. Dunrite Transmission v. Sheetz, 18 Va. App. 647, 649, 446 S.E.2d 473, 474 (1994).

III. CONCLUSION

The Commission did not err in ruling that the 2011 stipulated order permitted employer to unilaterally terminate attendant care benefits upon receiving evidence that conditions justified a change in care, and therefore, payment for that care.

Affirmed.